UNITED STATES of America, Plaintiff–Appellee,

v.

Darin W. RHOAD, Defendant–Appellant.

No. 04–3111.

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

Thomas P. Weldon, U.S. Attorney's Office for the Western Division, Toledo, OH, for Plaintiff–Appellee.

Spiros P. Cocoves, Toledo, OH, for Defendant–Appellant.

Before KEITH, CLAY, and GIBBONS, Circuit Judges.

### ORDER

Darin W. Rhoad appeals a district court judgment that revoked a term of supervised release and sentenced him to nine months of imprisonment. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 2003, Rhoad was charged with making false statements in the acquisition of a firearm in violation of 18 U.S.C. § 922(g). Pursuant to a plea bargain agreement, Rhoad pleaded guilty to the charge and was sentenced to a term of five months of imprisonment and three years of supervised release. Subsequently, Rhoad was charged with violating his term of supervised release. On January 5, 2004, a revocation hearing was convened in the district court at which Rhoad was represented by counsel, and Rhoad admitted that he violated the terms of his supervised release. The district court revoked Rhoad's supervised release and sentenced him to nine months of imprisonment. Rhoad filed a timely notice of appeal.

On appeal, Rhoad contends that the district court did not conduct an adequate colloquy to determine whether he knowingly, intelligently, and voluntarily waived his right to a hearing regarding his violation of supervised release. The government responds that the district court properly accepted Rhoad's waiver of his right to a revocation hearing. Upon consideration, we affirm the district court's judgment.

Generally, this court reviews for an abuse of discretion a district court judgment revoking supervised release. *United States v. Crace,* 207 F.3d 833, 835 (6th Cir.2000). This court reviews de novo a district court's application of the sentencing guidelines to a particular set of facts. *Id.* Unless waived, a person charged with violation of a condition of supervised release is entitled within a reasonable time to a revocation hearing, at which the accused is entitled to: (A) written notice of the charge; (B) disclosure of the evidence against the accused; (C) the opportunity to appear, present evidence, and to question adverse witnesses; and (D) notice of the right to counsel. Fed.R.Crim.P. 32.1(b)(2); *see United States v. Correa–Torres,* 326 F.3d 18, 22 (1st Cir.2003) (same provisions formerly Fed.R.Crim.P. 32.1(a)(2)); *United States v. LeBlanc,* 175 F.3d 511, 515 (7th Cir.1999) (same). These rights may be waived, but the waiver of Rule 32.1 rights must be knowing and voluntary. *Correa–Torres,* 326 F.3d at 22; *LeBlanc,* 175 F.3d at 515. Ideally, a court will advise an accused of the rights waived and the consequences of the waiver, but revocation proceedings are less formal than criminal prosecutions and no formal waiver colloquy is required. *Correa–Torres,* 326 F.3d at 23; *LeBlanc,* 175 F.3d at 515–16. In determining whether a waiver was knowing and voluntary, this court should consider the totality of the circumstances surrounding the waiver. *United States v. LeBlanc,* 175 F.3d 511 (7th Cir. 1999). The question of whether a waiver

is knowing and voluntary is a mixed question of law and fact subject to de novo review. *Lott v. Coyle,* 261 F.3d 594, 610 (6th Cir.2001).

Here, the totality of the circumstances of record reflect that Rhoad knowingly and voluntarily waived his Fed.R.Crim.P. 32.1 rights. Rhoad was represented by counsel, and Rhoad acknowledged that he received the government's violation report. Rhoad admitted that he was required to find employment as a condition of supervised release and that he failed to do so. Rhoad simply waived his right to a formal presentation of the government's case against him. Under the circumstances of this case, the totality of the circumstances reflect that Rhoad's waiver of his Fed. R.Crim.P. 32.1 rights was knowing and voluntary.

For the foregoing reasons, the district court's judgment is affirmed.