**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4316**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL B. MARTISKO,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge. (1:07-cr-00104-IMK-3)

Submitted: September 23, 2010        Decided: October 20, 2010

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Betsy C. Jividen, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael B. Martisko appeals the eight-month sentence imposed following the district court's revocation of his term of supervised release. Martisko's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Martisko the opportunity to allocute and in failing to conduct a Federal Rule of Criminal Procedure 11 ("Rule 11") colloquy at the revocation hearing. Martisko was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no reversible error, we affirm.

Counsel first argues that the district court erred in denying Martisko the opportunity to allocute. Because Martisko did not raise this objection in the district court, we review for plain error. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). Nonetheless, even if the defendant's substantial rights are affected, we are not required to correct a plain error unless "'a miscarriage of justice would otherwise result,'" id. at 736 (quoting United States v. Young, 470 U.S. 1, 15 (1985)), meaning that "the error

2

'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

Before imposing sentence upon revocation of supervised release, the district court must give the defendant "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E). Our review of the record leads us to conclude that the district court plainly erred in failing to allow Martisko the opportunity to speak in mitigation. We conclude, however, that the error did not affect Martisko's substantial rights. See Muhammad, 478 F.3d at 249 ("[A] defendant [is] not prejudiced by the denial of allocution when there was no possibility that he could have received a shorter sentence.").

Martisko also argues that the district court erred by failing to conduct a Rule 11 plea colloquy to ensure his admissions to the supervised release violations were voluntary. However, given the nature of revocation proceedings, "the full panoply of procedural safeguards associated with a criminal trial" are not required during such proceedings, and Rule 11 is inapplicable. Black v. Romano, 471 U.S. 606, 613 (1985); see United States v. Stehl, 665 F.2d 58, 59-60 (4th Cir. 1981) (holding that Rule 11 is not applicable to probation revocation proceedings). Moreover, because Martisko clearly admitted to a

3

number of the violations as set out in the petitions for revocation without protest, we conclude that there was sufficient evidence to support the district court's revocation.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny counsel's motion to withdraw. This court requires that counsel inform Martisko, in writing, of his right to petition the Supreme Court of the United States for further review. If Martisko requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martisko. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4