RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0059p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee,*

    *v.*

DONALD R. MELTON,

                   *Defendant-Appellant.*

No. 13-6649

> Appeal from the United States District Court
> for the Eastern District of Kentucky at Ashland
> No. 0:08-cr-00007-12—David L. Bunning, District Judge.

Argued: January 13, 2015

Decided and Filed: April 3, 2015

Before: SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

_____

## COUNSEL

_____

**ARGUED:** Zenaida R. Lockard, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellant. Kathryn M. Anderson, OFFICE OF THE UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Zenaida R. Lockard, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellant. Charles P. Wisdom, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

CLAY, Circuit Judge. Defendant Donald R. Melton appeals the district court judgment sentencing him to an eighteen-month term of imprisonment followed by three additional years of supervised release for violating the conditions of his original term of supervised release. We **AFFIRM** for the reasons set forth below.

1

**I.**

In 2009, Defendant pleaded guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846.  He was sentenced to a ten-month term of imprisonment followed by a three-year term of supervised release.  The conditions of Defendant's supervised release prohibited him from committing another crime and from possessing, using, or distributing any controlled substance.  He was also required to attend substance abuse treatment and submit to periodic drug and alcohol testing.

Within months of being released from prison, Defendant began violating the terms of his supervised release.  He stopped attending substance abuse treatment, he admitted to his probation officer that he used a controlled substance, and he was ultimately arrested by local authorities and found guilty of two counts of trafficking in a controlled substance.

After serving his time in state prison for the trafficking offenses, Defendant was brought before a federal magistrate judge for violating conditions of supervised release.  Defendant admitted to the aforementioned violations in open court.  The magistrate judge recommended that Defendant be sentenced to an eighteen-month term of imprisonment followed by an additional three-year term of supervised release, less time served.  The district court adopted the magistrate judge's findings, revoked Defendant's supervised release, and imposed the recommended sentence.

## II.

Defendant appeals the district court's judgment on both procedural and substantive grounds. He argues that his admission that he violated his supervised release conditions was involuntary because the magistrate judge did not conduct a complete Rule 11 colloquy, which would have required informing Defendant of his full sentencing exposure, i.e., the maximum custodial sentence and the maximum term of supervised release.[1]  *See* Fed. R. Crim. P. 11(b)(1)(H). He also argues that his eighteen-month custodial sentence and additional term of supervised release are substantively unreasonable in that they are longer than necessary to satisfy the purposes of sentencing. We disagree with both contentions.

### A.        Rule 11 Claim

Federal Rule of Criminal Procedure 11, by its plain terms, only applies to the procedures a court must follow before accepting "a plea of guilty or nolo contendere." Fed. R. Crim. P. 11(b). "[N]othing in the advisory committee notes suggests the rule's applicability when a court accepts admissions of probation or supervised release violations." *United States v. Pelensky*, 129 F.3d 63, 67–68 (2d Cir. 1997).[2]  In fact, a different provision, Rule 32.1, prescribes the procedures a court must follow when considering revocation or modification of a term of supervised release. *See* Fed. R. Crim. P. 32.1. It makes sense that the procedures for guilty pleas and supervised release admissions are different because revocation proceedings are not considered part of a criminal prosecution, *see Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), and the full panoply of protections accorded a defendant in criminal prosecutions do not apply to revocation proceedings, *see United States v. Dodson*, 25 F.3d 385, 388 (6th Cir. 1994).[3]  The

---

[1] At oral argument, Defendant for the first time advanced the argument that his revocation proceeding also contravened the requirements of due process because he was not apprised of his full sentencing exposure. Because Defendant did not present this due process argument in his briefing before the Court, we do not consider it. *See Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014) (internal quotation marks omitted) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal.").

[2] We have, on occasion, imprecisely referred to these admissions as guilty pleas. *See, e.g., United States v. Steeby*, 350 F. App'x 50, 51 (6th Cir. 2009). However, the "pleas" contemplated by Rule 11 concern only those made at arraignment. *See* Fed. R. Crim. P. tit. IV; *United States v. LeBlanc*, 175 F.3d 511, 515 n.2 (7th Cir. 1999).

[3] For example, a criminal defendant is generally guaranteed a right to trial by jury, *see* U.S. Const. amend. VI; *Duncan v. State of La.*, 391 U.S. 145 (1968), whereas supervised release violations are determined by the court, *see* 18 U.S.C. § 3583(e)(3); *United States v. Johnson*, 356 F. App'x 785, 790–91 (6th Cir. 2009).

case law also points in this direction inasmuch as several of our sister circuits have addressed this same question and concluded that Rule 11 is not applicable to supervised release revocation proceedings. *See, e.g., United States v. Shannon*, 508 F. App'x 559, 560 (7th Cir. 2013); *United States v. Martisko*, 398 F. App'x 888, 889 (4th Cir. 2010); *United States v. Correa-Torres*, 326 F.3d 18, 23 (1st Cir. 2003); *Pelensky*, 129 F.3d at 67–68.

In *Pelensky*, the Second Circuit rejected the defendant's claim that the district court was required to engage in the type of voluntariness colloquy required by Rule 11 before accepting his admission to violating the terms of his supervised release. 129 F.3d at 67–68. After noting that four circuits had previously held that a Rule 11 voluntariness colloquy was not required in probation revocation proceedings, the court went on to point out that Rule 11 "is addressed to the taking of the plea, not the imposition of sentence or the revocation of probation or supervised release." *Id.* at 68 (internal quotation marks omitted). In addition to the absence of textual support for the defendant's claim, the Second Circuit provided practical reasons why a formal voluntariness colloquy would be ill-suited to supervised release revocation proceedings. The court explained:

> In contrast to the adversarial setting that characterizes the offering of a guilty plea, a revocation of supervised release proceeding features the involvement of the probation officer, who is responsible for representing the [accused's] best interests to the greatest extent possible consistent with the welfare of the community. The responsibilities of the probation officer can best be carried out in a less adversary and contentious atmosphere. To superimpose formalistic procedures such as a Rule 11 colloquy onto this context, however much it may be sound practice for judges to elicit *some* indication of voluntariness for the record, is neither required by due process nor necessarily conducive to a more effective accomplishment of the goals of probation or supervised release.

*Id.* (internal quotation marks omitted). The Second Circuit ultimately held that Rule 11 is never applicable in the supervised release context. *Id.* at 67–68.

In *Correa-Torres*, the First Circuit reached a similar conclusion. 326 F.3d at 23. The court first acknowledged that a supervised release revocation proceeding is separate and apart from a criminal prosecution even though both entail the potential for deprivation of liberty. *Id.* at 22. The court next determined that "fundamental fairness" requires that persons facing supervised release revocations be afforded some rights in that process, even though they are not

entitled to every right attendant in a criminal prosecution. *Id.* (citing *Bearden v. Georgia*, 461 U.S. 660, 669 & n.10 (1983)). Then, reviewing the procedural protections afforded by Rule 32.1, the court concluded that those rights protect the interests of both the accused and the government. *Id.* Lastly, the court noted that most rights can be waived in our criminal justice system, and that "[a]s a general proposition . . . the waiver of virtually any right closely affecting individual liberty must be knowingly and voluntarily made." *Id.* (collecting cases). Accordingly, the First Circuit held that a waiver of Rule 32.1 rights is only effective when it is both knowing and voluntary. *Id.* But, in keeping with its earlier observation that a revocation proceeding is different from a criminal prosecution, the court also held that "a formal colloquy of the depth and intensity required under Federal Rule of Criminal Procedure 11" is not necessary for a Rule 32.1 waiver to be deemed knowing and voluntary. *Id.* at 23.

The Fourth Circuit, relying on the maxim that "'the full panoply of procedural safeguards associated with a criminal trial' are not required during [revocation] proceedings," has also held that Rule 11 is not applicable in the supervised release context. *Martisko*, 398 F. App'x at 889 (quoting *Black v. Romano*, 471 U.S. 606, 613 (1985)). The Seventh Circuit based its identical conclusion on the plain language of Rule 11 and Rule 32.1. *See Shannon*, 508 F. App'x at 560 (citing *LeBlanc*, 175 F.3d at 516–17).

Defendant argues that we should not follow the Second Circuit's holding in *Pelensky* (and the similar rule adopted by other circuits) because the court was simply extending its prior holding that Rule 11 does not apply to probation revocation proceedings.[4] 129 F.3d at 67–68. Defendant contends that following the Second Circuit would undermine this Court's previous recognition that "there is an inherent difference between probation and supervised release." *United States v. Wright*, 2 F.3d 175, 179 (6th Cir. 1993) (citing *United States v. Stephenson*, 928 F.2d 728, 730 (6th Cir. 1991)). This argument is unpersuasive.

The "inherent difference" between probation and supervised release is that each has its own sentencing scheme upon revocation. *Id.*; *Stephenson*, 928 F.2d at 730–31. This unremarkable observation does not negate the fact that the text of Rule 11 does not indicate that

---

[4] Several circuits have held that Rule 11 does not apply to probation revocation proceedings, which (like supervised release proceedings) are explicitly governed by Rule 32.1. *See, e.g.*, *United States v. Segal*, 549 F.2d 1293, 1296 (9th Cir. 1977).

it applies to supervised release revocation hearings; nor does the observation undermine settled doctrine that the accused in a revocation proceeding is not entitled to all the procedural protections afforded a criminal defendant—the two primary bases underlying the holdings of our sister circuits.

In an unpublished opinion, this Court considered the totality of the circumstances when deciding whether an admission to a supervised release violation was knowing and voluntary, and determined that Rule 11 was not applicable. *See United States v. Williams*, 321 F. App'x 486, 490 (6th Cir. 2009).[5] We take this opportunity to join the First, Second, Fourth, and Seventh Circuits, and hold that a court's acceptance of an admission to a supervised release violation, or stated differently, a court's acceptance of a waiver of the right to contest the revocation of supervised release, is not governed by Federal Rule of Criminal Procedure 11.

Instead, the accused's admission or waiver need only be knowing and voluntary under the totality of the circumstances. *See Williams*, 321 F. App'x at 490 (citing *United States v. Rhoad*, 102 F. App'x 918, 919 (6th Cir. 2004)); *see also Shannon*, 508 F. App'x at 560 (holding that waiver of a supervised release revocation hearing need only be knowing and voluntary under the totality of the circumstances); *United States v. Hodges*, 460 F.3d 646, 651 (5th Cir. 2006) (adopting a totality of the circumstances approach to determining whether waiver of Rule 32.1(b) rights is knowing and voluntary); *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005) (internal quotation marks omitted) ("supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against her and waives her rights under Rule 32.1"); *Correa-Torres*, 326 F.3d at 23 (internal quotation marks omitted) ("Where, as here, a . . . person on supervised release mounts a retrospective challenge to the validity of a waiver of Rule 32.1 rights, a reviewing court should look not only to the punctilio of the sentencing court's colloquy with the . . . person on supervised release, but also to the totality of the attendant circumstances."). Whether the lower court apprised the accused of his Rule

---

[5] A court considering revoking an accused's term of supervised release must hold a hearing before ruling unless the accused waives the hearing and admits to the supervised release violation. *See* Fed. R. Crim. P. 32.1(b)(2). Thus, a challenge to the voluntariness of a revocation hearing waiver is synonymous with a challenge to the voluntariness of an admission to a supervised release violation, and vice versa. In *Williams*, the issue is framed as whether the revocation hearing waiver was knowing and voluntary, *see* 321 F. App'x at 490, but, as has been demonstrated, it is equally correct to say that the Court was deciding whether the admission to the violation was knowing and voluntary.

32.1(b) rights and the consequences of waiving those rights, *see Rhoad*, 102 F. App'x at 919, evidence regarding the accused's comprehension of the charges against him, *see Correa-Torres*, 326 F.3d at 23, and his understanding of the possible sentence, *see LeBlanc*, 175 F.3d at 517, are among the circumstances we may consider in conducting this analysis. Still, "[t]he totality of the circumstances means exactly that—all the circumstances should be considered," and "courts should beware of assigning talismanic significance to any single fact or circumstance" as "each case is quite likely to be sui generis." *Correa-Torres*, 326 F.3d at 23.

In this case, Defendant argues that his admission to the alleged supervised release violations was involuntarily due to the district court's failure to conduct a Rule 11 colloquy. Because Rule 11 is not applicable in supervised release proceedings, Defendant's claim necessarily fails.

Defendant's claim also fails under the totality of the circumstances standard. At the revocation proceeding, defense counsel declined the magistrate judge's offer to formally review the alleged violations and potential penalties with Defendant, stating that Defendant was familiar with the penalties he faced. During the hearing, the magistrate judge gave Defendant an opportunity to review the supervised release violation report prepared by the probation office in order to ensure that Defendant "fully [understood] the charges . . . and the penalties that [he] face[d]." [R. 530, Tr., PGID 1753]. The report noted that two years was the maximum term of imprisonment to which Defendant could be subject if the court found that he violated the conditions of his release. The report also explained that he would be subject to "not less than 3 years" of supervised release and that there was "no maximum term of supervised release that [could] be reimposed." [R. 534, Violation Worksheet, PGID 1786]. Defendant reviewed the report, discussed it with his attorney, and confirmed with the magistrate judge that he understood the report and still intended to admit to the violations. The magistrate judge also informed Defendant of the rights he would be waiving by admitting to the violations and the consequences of that waiver. Indeed, as Defendant's appellate counsel noted at oral argument, the magistrate judge conducted "a very thorough colloquy" before it accepted Defendant's admission that he violated various conditions of his supervised release. The totality of the circumstances of the record reflects that Defendant knowingly and voluntarily stipulated to having violated supervised release and waived his right to contest revocation at the hearing.

**B.          Substantive Reasonableness Claim**

Defendant's next argument is that his eighteen-month custodial sentence and additional term of supervised release are substantively unreasonable because they are longer than necessary to fulfill the purposes of sentencing.  Specifically, he contends that he was able to overcome his chemical dependence and rehabilitate himself during his state incarceration, and therefore the rehabilitative ends of supervised release have been met.  The government argues that the sentence is substantively reasonable based on the nature of Defendant's violations and the district court's findings of fact.  The government also relies on the fact that Defendant's guideline range of imprisonment was fifteen to twenty-one months and that he was subject to, at minimum, an additional three years of supervised release.

Sentences imposed upon revocation of supervised release are reviewed for an abuse of discretion.  *United States v. Mosher*, 493 F. App'x 672, 675 (6th Cir. 2012) (citing *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007)).  "This deferential standard is comprised of two parts: procedural soundness and substantive reasonableness."  *Id.*  "In reviewing for substantive reasonableness, we must consider the sentence imposed in light of the totality of the circumstances."  *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011) (internal quotation marks omitted).  "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor."  *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007) (internal quotation marks omitted).  "[A] sentence that is within the advisory guidelines range . . . is accorded a rebuttable presumption of reasonableness."  *Id.* at 414.  The standard is the same regardless of whether the sentence was imposed following conviction or revocation of supervised release.  *United States v. Deen*, 706 F.3d 760, 762–63 (6th Cir. 2013).

The court took full account of the pertinent § 3553(a) factors and the totality of the circumstances in determining Defendant's sentence.  *See* 18 U.S.C. § 3583(e) (directing courts to consider specific § 3553(a) factors in the revocation context); *see also United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007) ("Not all [factors] are important in every sentencing; often one or two prevail, while others pale.").  The magistrate judge based his

sentencing recommendation on the fact that Defendant stopped attending mandated substance abuse treatment, illegally used oxycodone, trafficked in controlled substances, and was convicted of two felony offenses while on supervised release. The magistrate judge also took into account Defendant's status as a "Persistent Felony Offender in Kentucky" as evidence of an unyielding pattern of criminal behavior. In addition, the magistrate judge expressed skepticism regarding the sincerity of Defendant's contrition. In response, Defendant has pointed to nothing in the record that overcomes the "presumption of reasonableness" due to his within-guidelines sentence.

## III.

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.