NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  16a0295n.06

No. 15-2481

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 03, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| SHARIF SAFWAT EZZAT, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE:  BOGGS, CLAY, and GILMAN, Circuit Judges.

PER CURIAM.  Sharif Safwat Ezzat appeals the sentence imposed by the district court upon the revocation of his supervised release.  We affirm.

On January 10, 2014, Ezzat began serving terms of supervised release for two convictions:  (1) a 2006 conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (E.D. Va. Case No. 1:05-CR-336); and (2) a 2012 conviction for possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2) (E.D.N.C. Case No. 5:10-CR-280).  The United States District Court for the Eastern District of Michigan subsequently accepted jurisdiction over Ezzat's supervised release.  On October 29, 2015, the probation office filed a petition for summons asserting that Ezzat had violated the conditions of his supervised release by:  (1) committing another crime, as evidenced by his nolo contendere plea in state court to breaking and entering; and (2) using a controlled substance, as evidenced by

his positive test for cocaine. At the revocation hearing, Ezzat admitted to both violations. The district court revoked Ezzat's supervised release and sentenced him to concurrent 18-month terms of imprisonment, allowing him to surrender voluntarily.

Ezzat appeals his sentence. We review sentences imposed upon revocation of supervised release under the same standard applied to sentences imposed following conviction. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Under that deferential abuse-of-discretion standard, we review the district court's sentencing determination for procedural and substantive reasonableness. *Id.*

Ezzat contends that his sentence is procedurally unreasonable because the district court failed to consider, pursuant to 18 U.S.C. § 3583(d), whether the availability of appropriate substance-abuse treatment programs warranted an exception from the requirement of mandatory revocation for possessing a controlled substance under 18 U.S.C. § 3583(g). The district court did not rely on § 3583(g)'s mandatory-revocation provision to revoke Ezzat's supervised release, however, stating, "I'm not even considering the drug test in this." Instead, the district court revoked Ezzat's supervised release based on his breaking-and-entering offense. Even if the district court had relied on § 3583(g)'s mandatory-revocation provision and Ezzat had requested substance-abuse treatment, which he did not, there is no requirement that "magic words" appear in the record indicating that the district court considered substance-abuse treatment in lieu of imprisonment. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).

Ezzat also argues that the district court did not adequately explain why an alternative to imprisonment, such as continuing his supervision, could not achieve the goals of 18 U.S.C. § 3553(a). "As a reviewing court, our task is to ask whether, based on the entire sentencing record, 'we are satisfied that the district court fulfilled [its] obligation' to 'conduct a meaningful

sentencing hearing and truly consider the defendant's arguments.'" *United States v. Taylor*, 696 F.3d 628, 634 (6th Cir. 2012) (quoting *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010)). The district court specifically considered Ezzat's request for continued supervision and rejected his request based on the seriousness of his breaking-and-entering offense: "And I wish I could see a path clear to giving you a chance, at least the chance that you want, but this crime is too serious, and the violation is too serious. I can't overlook it."

Finally, Ezzat asserts that his sentence is substantively unreasonable because the district court did not address § 3583(d)'s exception to § 3583(g)'s mandatory-revocation provision and did not sufficiently address the relevant § 3553(a) factors or explain why the sentence imposed was "sufficient, but not greater than necessary, to comply with" the goals of sentencing, 18 U.S.C. § 3553(a). Ezzat's 18-month sentence fell within the policy-statement range of 18 to 24 months; therefore, we afford his sentence a rebuttable presumption of substantive reasonableness. *See United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015). Ezzat has not overcome that presumption. As discussed above, the district court did not rely on § 3583(g)'s mandatory-revocation provision to revoke Ezzat's supervised release, but instead based its decision on his breaking-and-entering offense. The district court addressed the relevant § 3553(a) factors, including Ezzat's characteristics and the seriousness of the offense and determined that a sentence within the policy-statement range was appropriate.

The district court imposed a procedurally and substantively reasonable sentence. Accordingly, we **AFFIRM**.