NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0229n.06

No. 20-6398

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 30, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| NEPHTHALI DAMIAN DACHOUTE, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    GIBBONS, COOK, and LARSEN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.    Nephthali Dachoute appeals his five-month sentence for violating the conditions of his supervised release.  On appeal, he argues that his sentence is procedurally and substantively unreasonable.  We disagree and affirm.

I.

After pleading guilty to three firearms offenses and one drug offense[1] and serving an approximately seven-year prison sentence, Dachoute started a three-year term of supervised release on May 1, 2017.  Dachoute's conditions of release included, among other things, refraining from committing any criminal offenses, mandatory participation in mental health treatment, and drug testing.

---

[1] *See* 21 U.S.C. § 846; 18 U.S.C. § 924(c); 18 U.S.C. § 922(k); 18 U.S.C. § 922(g)(1).

The first year of Dachoute's supervised release was uneventful. However, in 2018, the probation office filed a number of petitions to revoke Dachoute's probation, and the district court held a hearing on the alleged violations. After Dachoute admitted guilt to some of the violations, the district court revoked his supervised release. The court sentenced him to eleven months' incarceration, followed by a return to supervised release for the remainder of Dachoute's original term.

In August 2019—a few weeks after Dachoute completed his eleven-month sentence—the probation office filed another petition to revoke his supervised release. Based on the violations alleged in the petition, the district court issued a warrant for Dachoute's arrest. After he was arrested, a magistrate judge ordered Dachoute's detention pending a hearing on the alleged violations.

In December 2019, the parties filed a joint motion for Dachoute's release from custody. The court agreed to release Dachoute, but it issued an order requiring him to live at a group home named Aphesis House as a new condition of his release. The order explicitly stated that Dachoute was not permitted to "change his residence without advance approval from the probation officer." DE 664, Order, PageID 3196.

In March 2020, the district court held a hearing on the alleged August 2019 violations. Dachoute once again admitted guilt to some of the violations. Instead of sentencing Dachoute to another period of incarceration, the court sentenced him to time served and ordered him to continue "on supervised release under the same conditions previously imposed." DE 673, Order, PageID 3221.

In September 2020, the Probation Office filed another petition alleging that Dachoute had (1) committed an uncharged theft, (2) tested positive for marijuana, (3) moved out of the Aphesis

House without approval from his probation officer, and (4) stopped taking his prescribed psychiatric medication. The district court issued a summons and held a hearing on these alleged violations.

At his hearing, Dachoute admitted to the second, third, and fourth alleged violations. But he also provided context for those violations. He explained that he had chosen to self-medicate with marijuana instead of taking his prescribed medication because his medication was preventing him from sleeping, causing him to hear voices in his head, and "killing [him] inside." DE 717, Revocation Hr'g Tr., PageID 3525. Marijuana, on the other hand, gave him "peace of mind." *Id.* at 3526. Dachoute also informed the court that he had moved out of the Aphesis House because people were stealing his things. Additionally, even though he was struggling with his medication and had left the group home, he was employed, working towards his degree, and had not missed a single appointment with his psychiatrist.

After giving Dachoute the opportunity to speak, the district court noted that its responsibility was "to impose a sentence that is sufficient but not greater than necessary to accomplish the purposes of the sentencing laws." *Id.* at 3535. The court told Dachoute that he "ha[d] to be accountable," and, even though the court was taking Dachoute's mental health diagnoses into account, "at some point [the court] can't continue to let [Dachoute] determine [his] treatment plan." *Id.* Along those same lines, the court stated that it "need[ed] to find some way to deter" Dachoute from future violations and to get him to "show respect for the obligations" of "the Court's order." *Id.* at 3535–36. After taking those considerations into account, the court sentenced Dachoute to five months' imprisonment, followed by a return to "supervised release for the remainder of the term." *Id.* at 3537. Five months was the low end of the range recommended by USSG § 7B1.4.

After announcing the sentence, the district court asked Dachoute's lawyer whether he had any objections. In response, counsel asked the court whether it would consider delaying the start of Dachoute's sentence. When the court refused that request, Dachoute's lawyer did not raise any further objections. Dachoute timely appealed.

II.

Dachoute's first argument is that his sentence is procedurally unreasonable. For a sentence to be procedurally reasonable, "[t]he court must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Dachoute did not argue that his sentence was procedurally unreasonable in the district court, so our review of this issue is limited to review for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).

In this case, the district court did not err because it adequately explained the reason for Dachoute's sentence with implicit references to the § 3553(a) factors. The court discussed Dachoute's mental health and took "into consideration" that Dachoute has been "diagnosed with severe mental issues." DE 717, Sentencing Tr., PageID 3535; *see* 18 U.S.C. § 3553(a)(1). The court recognized that there are tools available in many state courts that allow judges to try to deter persons from future supervised release violations without relying on time in prison but acknowledged that it did not have access to those tools. DE 717, Sentencing Tr., PageID 3535–36; *see* 18 U.S.C. § 3553(a)(3). Additionally, the court considered the "need for deterrence," the "need for [Dachoute] to show respect," and the need for "[Dachoute] to be held accountable." DE 717, Sentencing Tr., PageID 3537; *see* 18 U.S.C. § 3553(a)(2). After taking all of these

considerations into account, the district court chose a sentence at the low end of the range recommended by USSG § 7B1.4. DE 717, Sentencing Tr., PageID 3537; *see* 18 U.S.C. § 3553(a)(4). Although Dachoute is correct that the district court never referenced § 3553(a) by name, there is no requirement that it do so when—as here—its discussion makes it clear that it had the § 3553(a) factors in mind. *See United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006).

Dachoute also argues that the district court's discussion was insufficient because the court failed to consider mitigating circumstances, such as his need for mental health treatment. However, this argument is not supported by the record. The district court gave Dachoute and his attorney the opportunity to present all of his mitigating evidence. After listening to that evidence, the court said:

> I take into consideration – you've been diagnosed with severe mental issues. And recognizing that, we tried to address it. We tried to address it by providing you mental health counseling. We tried to address it by recognizing the substance abuse issues and giving you treatment for that. But at some point I can't continue to let you determine your treatment plan. And that's essentially what you've done.

DE 717, Sentencing Tr., PageID 3535. The court also noted that it had been lenient in the past and emphasized that the continuing nature of the violations showed a need for deterrence from future violations. These statements make clear that the district court listened to Dachoute's arguments, "considered the supporting evidence, was fully aware of the defendant's circumstances, and took them into account in sentencing him." *Vonner*, 516 F.3d at 387 (internal quotation marks omitted) (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)). The district court did not plainly err in sentencing Dachoute.

### III.

Dachoute's second argument is that his sentence is substantively unreasonable. An argument that a sentence is substantively unreasonable is an argument "that the court placed too

much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. There is a rebuttable presumption that a supervised release revocation sentence within the range recommended by USSG § 7B1.4 is substantively reasonable. *United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015). We review the substantive reasonableness of a sentence for abuse of discretion. *Id.* at 312.

Dachoute's argument that his sentence is substantively unreasonable merely restates his argument that his sentence is procedurally unreasonable, and it fails for the reasons explained above. *See* CA6 R.35, Appellant Br., at 13 ("Because the district court did not satisfactorily establish in the record that it considered the § 3553(a) factors, the sentence is also substantively unreasonable."). To the extent that he raises the additional argument that his sentence is substantively unreasonable because the court gave unreasonably little weight to his mitigating circumstances, that too is without merit. As discussed above, the district court considered Dachoute's history of violations, the seriousness of his current violations, and his mitigating evidence. In light of those considerations, the court decided that a within-range, five-month sentence was "sufficient but not greater than necessary to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). That decision is entitled to a presumption of reasonableness that Dachoute has not rebutted. *See Melton*, 782 F.3d at 313. Therefore, the district court did not abuse its discretion.

IV.

For the reasons discussed above, we affirm.