NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0198n.06

No. 22-5647

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 26, 2023 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CLYDE DEAR, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: GIBBONS, THAPAR, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. While on supervised release from federal prison, Clyde Dear allegedly committed various state crimes in Arkansas and Tennessee, for which he was indicted in those states. These developments prompted a hearing in the Western District of Tennessee for revocation of the supervised release and for additional punishment. The district court revoked Dear's release and sentenced him to thirty-seven months' imprisonment for violating his supervised-release conditions. The district court based its decision on a finding that the government had established by a preponderance of the evidence that Dear committed robbery in Arkansas.

The issue on appeal is whether the district court's sentencing order was in error because it deferred to the state courts on whether the new federal sentence will run concurrently or consecutively to potential sentences that may result from pending or future state charges. Because the district court has the discretion to make this deferral and did not abuse that discretion, we AFFIRM.

I.

In 2011, Dear pleaded guilty to bank robbery, including aiding and abetting, and use of a firearm during and in relation to a crime of violence. He was sentenced to 132 months' imprisonment followed by three years of supervised release. Dear began his supervised release on September 19, 2019. On April 15, 2022, the district court issued an arrest warrant based on Dear's alleged criminal conduct while on supervised release. The warrant alleged that Dear violated the conditions of his supervised release by committing the following Arkansas crimes: robbery, possession of a firearm by certain persons, five counts of aggravated assault, five counts of first-degree kidnapping/false imprisonment, and theft of $25,000 or more from a building. In addition, the warrant alleged that Dear committed the following Tennessee crimes: evading arrest, felon in possession of a handgun, theft of property under $1,000, theft of property over $1,000, and possessing a firearm during commission/attempt to commit a dangerous felony.

At a violation of supervised-release hearing on June 1, 2022, the government offered the testimony of three witnesses: Dear's probation officer, a police officer from West Memphis, Arkansas, and a West Memphis sergeant detective. The testimony brought out that on April 13, 2022, Dear had allegedly committed crimes on both sides of the Mississippi River, starting on the Arkansas side in West Memphis and ending in Memphis, Tennessee. On the second day of the hearing, held on July 26, 2022, the district court found, based on a preponderance of the evidence, that Dear had committed robbery in Arkansas and thus had violated the terms of his supervised release. The court did not address the other crimes for which Dear may be prosecuted in the two states.

The district court sentenced Dear to thirty-seven months' imprisonment. It declined to make that sentence consecutive or concurrent to any potential yet-to-be-imposed sentences for

pending state charges against Dear. Instead, the district court left it for the state sentencing courts in those cases to decide whether the sentences they imposed, if any, would be concurrent or consecutive to the sentence imposed for Dear's violation of supervised release. Dear timely appealed.

## II.

We review the district court's imposed sentence upon revocation of supervised release for abuse of discretion. *United States v. Melton*, 782 F.3d 306, 312 (6th Cir. 2015) (citations omitted). This review also involves examining the procedural and substantive reasonableness of the sentence. *United States v. Johnson*, 640 F.3d 195, 201–02 (6th Cir. 2011) (citations omitted). Procedural reasonableness review looks for "[a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including . . . any deviation from the Guidelines range." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). And we review the district court's legal conclusions de novo. *See United States v. Kontrol*, 554 F.3d 1089, 1091–92 (6th Cir. 2009) (citations omitted).

Dear argues that the district court abused its discretion and committed procedural error by failing to recognize its authority to run the federal sentence concurrently with any yet-to-be-imposed state sentence. In doing so, Dear challenges the district court's legal conclusion concerning its authority, a conclusion we review de novo. Dear relies on *Setser v. United States*, 566 U.S. 231 (2012), arguing that the district court must choose to run Dear's sentence concurrently or consecutively. In *Setser*, the Supreme Court recognized the authority of district courts to "select whether the sentences they impose will run concurrently or consecutively" when

they "anticipate[] a state sentence that has not yet been imposed." *Id.* at 236–37. But the Court also recognized that "in some situations, a district court may have inadequate information and may forbear." *Id.* at 242 n.6. By this language, the Court acknowledged that it is well within the discretion of district courts to refrain from imposing anticipatory consecutive or concurrent sentences.

That is what happened here. After hearing arguments from both the government and defense counsel as to whether the federal sentence should run consecutive or concurrent to any later state sentences, the district court stated that "what's appropriate is that I sentence him as is appropriate here and that other courts would decide whether their sentences, if any, would be consecutive or concurrent." Supervised Release Violation Hr'g Tr., R. 122, Page ID 301. This statement suggests that the district court understood that it had the ability to impose a consecutive or concurrent sentence but elected to defer. Because the district court correctly understood the scope of its authority, Dear's challenge fails.

### III.

For the foregoing reasons, the district court did not abuse its discretion. Accordingly, we AFFIRM.