NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0171n.06

Case No. 23-3578

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 18, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| ALVIN M. THOMAS, | ) ) | O P I N I O N |
| Defendant - Appellant. | ) | |

Before: BUSH, NALBANDIAN, and MURPHY, Circuit Judges.

**NALBANDIAN, Circuit Judge.** After release from federal prison, Alvin Thomas began a three-year term of supervised release. But after falling behind on restitution payments and refusing to sign an installment agreement, Thomas was charged with violating his supervised-release conditions. Thomas admitted to both violations, and the district court sentenced him to one day imprisonment and extended his supervised-release term by three years.

On appeal, Thomas claims that the district court erred in finding that he violated his conditions of release and that his sentence for the violation was unreasonable. Finding no error, we AFFIRM.

**I.**

In March 2014, Alvin Thomas and six others robbed a jewelry store in St. Thomas, Virgin Islands. Intimidating employees with firearms, the robbers took hundreds of jewelry items worth

around $2 million. But Thomas could not make his escape and was apprehended by Virgin Islands Police while fleeing the scene.

In January 2015, Thomas was convicted of robbery and firearm offenses in the District of Virgin Islands and sentenced to 85 months' imprisonment. The sentencing court also added three years of supervised release and ordered Thomas to pay nearly $700,000 in restitution. In June 2020, Thomas was released from federal custody and started his term of supervised release. In November 2022, Thomas's supervision was transferred to the Northern District of Ohio.

In May 2023, Thomas's probation officer reported that Thomas had violated two of his supervised-release conditions, failing to pay his full restitution balance or sign an Installment Agreement for outstanding restitution payments as directed by his probation officer. The probation officer noted that Thomas had paid slightly more than $18,000, but still owed nearly $660,000 in restitution.

The district court held a revocation hearing in June 2023. The district court informed Thomas of the charges against him and his rights to a hearing, to cross-examine witnesses, and to testify in his own defense. Represented by counsel, Thomas waived his rights and admitted to both violations.

In mitigation, Thomas noted that he had been making monthly restitution payments throughout his supervised release. He signaled an intent to keep making payments but was "uncomfortable with the language of the paperwork." R.17, Hr'g Tr. at 6, PageID 76. The prosecution replied that the installment agreement was standard procedure to ensure that victims could still be made whole after Thomas's term of supervision.

Emphasizing the need for restitution to the victims, the district court imposed a within-Guidelines sentence of one day's imprisonment and three years (minus a day) of supervised release.[1]

Thomas timely appealed.

**II.**

On appeal, Thomas first claims the district court erred in finding that he violated the terms of his supervised release.

A district court may "revoke a term of supervised release" if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Generally, we review a district court's revocation of supervised release for an abuse of discretion. *United States v. Givens*, 786 F.3d 470, 471 (6th Cir. 2015).

But Thomas admitted to the supervised-release violations before the district court. So we require only that the admission be "knowing and voluntary under the totality of the circumstances." *United States v. Melton*, 782 F.3d 306, 311 (6th Cir. 2015).

Thomas claims that the district court erred in revoking his supervised release because he was not required to pay restitution in full before the end of his supervision and because the supervised-release terms did not require him to sign the Installment Agreement. But Thomas does

---

[1] Thomas's Guidelines range recommended three to nine months of imprisonment, given his Grade C violation and Criminal History Category of I. U.S.S.G. § 7B1.4(a). The Guidelines also authorized supervised release of up to three years, less any imprisonment imposed on revocation of supervised release. U.S.S.G. § 7B1.3(g)(2); 18 U.S.C. § 3583(b)(2), (h). So Thomas's imprisonment was below the Guidelines range, while the term of his supervised release was within the Guidelines range.

not dispute that his admissions were knowing and voluntary. So his argument that he did not violate the terms of his supervised release is foreclosed by his own in-court concessions.

**III.**

Thomas also claims that, even if he violated his supervised-release conditions, his sentence was substantively unreasonable.

We review sentences for "substantive reasonableness under an abuse-of-discretion standard." *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022). A within-Guidelines sentence, such as Thomas's, is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). *See also Melton*, 782 F.3d at 313 ("The standard is the same regardless of whether the sentence was imposed following conviction or revocation of supervised release."). A sentence is substantively unreasonable when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Thomas claims that his sentence is substantively unreasonable because it "was greater than necessary." Appellant Br. at 17. Thomas points to a litany of facts about his post-release conduct: he has no other supervised-release violations, has not re-engaged in criminal acts, "maintained a stable residence . . . and obtained full time employment," and made more than $18,000 in restitution payments. *Id.* at 17–18. But none of these facts show an arbitrary lack of consideration that would render the district court's sentence unreasonable.

Instead, the district court considered all the § 3553(a) factors, concluding that "restitution to victims" was "most important" here. R.17, Hr'g Tr. at 9, PageID 79. Given that 97% of Thomas's

restitution balance remained outstanding (around $660,000), extending his term of supervision was a reasonable way to ensure continued payment—particularly when Thomas refused to sign the Installment Agreement. So we conclude that Thomas's sentence was substantively reasonable.

**IV.**

For these reasons, we AFFIRM.