NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0229n.06

No. 23-5882

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>May 31, 2024<br>KELLY L. STEPHENS, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| LACARLTON STONE, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) | OPINION |
|  | ) |  |

Before: COLE, GRIFFIN, and READLER, Circuit Judges.

PER CURIAM. LaCarlton Stone appeals his 24-month prison sentence imposed upon the revocation of his supervised release. As set forth below, we **AFFIRM** Stone's sentence.

In 2015, Stone pleaded guilty to robbing a Pizza Hut restaurant, in violation of the Hobbs Act, 18 U.S.C. § 1951, and brandishing a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c). The district court sentenced Stone to a total of 100 months of imprisonment followed by three years of supervised release.

Stone's three-year term of supervised release began in March 2021. Thirteen months later, the probation office petitioned the district court for a warrant for Stone's arrest, alleging that he violated the conditions of his supervised release by (1) committing another crime (simple domestic violence, taking a vehicle, and petit larceny), (2) committing another crime (aggravated robbery and possession of a firearm by a felon), (3) possessing a controlled substance, and (4) failing to report for random drug screening.

A federal grand jury later charged Stone with robbing a Domino's Pizza restaurant, in violation of the Hobbs Act, 18 U.S.C. § 1951; brandishing a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Stone*, No. 2:22-cr-20203 (W.D. Tenn.). These charges involved the same conduct as Stone's second supervised-release violation. Stone pleaded guilty to the robbery and § 924(c) counts and was sentenced to a total of 306 months of imprisonment followed by five years of supervised release.

Following his sentencing in No. 2:22-cr-20203, Stone pleaded guilty to the four supervised-release violations set forth in the probation office's petition. Stone's Grade A violation and criminal history category of I established an imprisonment range of 24 to 30 months. The parties recommended a sentence of time served—approximately 18 months of imprisonment. After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), the district court revoked Stone's supervised release and sentenced him to 24 months of imprisonment—12 months to be served concurrently with the sentence imposed in No. 2:22-cr-20203, and 12 months to be served consecutively to that sentence—with no further supervision.

Stone now challenges his 24-month sentence. We review sentences imposed following revocation of supervised release for procedural and substantive reasonableness "under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

With respect to procedural reasonableness, the district court "must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v.*

*Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Stone argues that the district court failed to provide an adequate explanation for rejecting the parties' recommendation of a time-served sentence and failed to address his mental-health challenges. Because Stone did not object to his sentence on these grounds when afforded the opportunity to do so at the conclusion of the supervised-release violation hearing, we review his procedural challenge for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). Stone must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id*. at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). Stone has not shown any error—let alone plain error.

At the beginning of the supervised-release violation hearing, the district court explained that credit for Stone's time served in custody would be left to the Bureau of Prisons. The district court later reviewed the relevant § 3553(a) factors, observing that Stone's supervised-release violations involved "a serious breach of trust" and warranted "some consequence even though [Stone] had a very substantial sentence earlier." The district court then concluded that the § 3553(a) factors counseled in favor of a consecutive sentence: "Because we want everybody on supervised release to understand that you're not going to get a slap on the wrist if you've got another offense as to which you've been convicted." The district court found that the imprisonment range of 24 to 30 months was "a reasonable range." In imposing a sentence at the bottom of that range, the district court specifically addressed Stone's mental-health challenges:

> I am always concerned about the role of mental health in these circumstances. For that reason, I think we ought to have some recognition of that in the sentence. It doesn't excuse the conduct. It just means that your situation is not the same as somebody who doesn't have those issues.

To recognize Stone's mental-health challenges, the district court ordered that 12 months of his 24-month sentence be served concurrently with the sentence imposed in No. 2:22-cr-20203. Stone has failed to show that the district court committed any significant procedural error in sentencing him.

Stone also challenges the substantive reasonableness of his sentence. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). We apply a rebuttable presumption of substantive reasonableness to a sentence within the applicable Guidelines range. *United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015). Stone has not overcome that presumption.

Stone argues that, in rejecting the parties' recommendation of a time-served sentence and instead imposing a 24-month sentence, the district court failed to give sufficient weight to his mental-health struggles. With respect to those struggles, the district court stated:

> These cases that involve mental health components are a little frustrating in the sense that had we taken our medicine all along, you'd probably be supervising a shift or something at Milwaukee Tools. You really did well there. So it is disappointing. And we've said that before. Nobody—I know you're disappointed. Everybody else is disappointed.

The district court found that Stone's failure to stay on his medication for his mental-health condition was "a really complicating factor," pointing out that problems arose when he did not take his medication:

> You make really bad decisions and do things you shouldn't do and that you regret later. So in a way that's always been a factor out there that we need to worry about. It doesn't help the victim to say later on: Well, he should have been taking his medication. So when your girlfriend has the incident that occurred to her or when the employees of the Domino's had the incident occur to them, which are often— at least I understand to be—often a life changing event for them, it's a big deal.

The district court acknowledged that Stone had "made strides in terms of realization regarding the need to take the medication. I hope that will last." In recognition of Stone's mental health issues, the district court ordered that 12 months of his 24-month sentence be served concurrently with the sentence imposed in No. 2:22-cr-20203. The record shows that the district court gave a reasonable amount of weight to Stone's mental-health struggles and imposed a reasonable sentence.

For these reasons, we **AFFIRM** Stone's sentence.