NOT RECOMMENDED FOR PUBLICATION

File Name: 25a0222n.06

Case No. 24-6049

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

> **FILED**
> Apr 30, 2025
> KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| WINSTON ROBINSON, | ) | O P I N I O N |
| Defendant - Appellant. | ) ) | |

BEFORE: McKEAGUE, MURPHY, and DAVIS, Circuit Judges.

**McKEAGUE, Circuit Judge.** After pleading guilty to possession with intent to distribute cocaine, Winston Robinson was sentenced to six days' time served and three years of supervised release. Robinson then violated several conditions of his supervised release, and the district court sentenced him to six months in prison. On appeal, Robinson argues that the six-month sentence is substantively unreasonable. We **AFFIRM** the district court's judgment.

**I.**

Robinson pleaded guilty to possession with intent to distribute cocaine. In December 2022, the district court sentenced him to six days' time served and three years of supervised release. Under the terms of his supervised release, Robinson could not commit another crime or unlawfully use a controlled substance. His probation officer could also require him to undergo drug testing, and he was not allowed to leave the district without his probation officer's permission.

In August 2024, Robinson's probation officer recommended that the court revoke his supervised release. The probation officer's petition for a summons alleged that Robinson violated four conditions of his release. First, Robinson made a false statement to his probation officer—in violation of 18 U.S.C. § 1001—by submitting forged pay stubs and falsely claiming that he was employed from January 2023 to March 2024. Second, Robinson failed to submit to drug testing six times. Third, Robinson tested positive for marijuana, cocaine, and Oxycodone. Fourth, Robinson left the Western District of Tennessee without permission on two occasions.

Robinson admitted to the allegations in the petition. Because he committed a "Grade B" violation and was in criminal history category II, the Guidelines sentencing range was six to 12 months in prison. *See* U.S.S.G. §§ 7B1.1(b), 7B1.4(a). Robinson, the government, and the probation department all recommended that the district court sentence him to a six-month term in a halfway house.

The court did not follow that recommendation. It explained that Robinson committed "serious violations" and "demonstrate[d] a total disrespect for supervised release and for the law[.]" Supervised Release Violation Sent'g Tr., R.399 at PageID 924. Finding that a term of incarceration was appropriate, the court sentenced Robinson to six months in prison and reimposed his term of supervised release. Robinson timely appealed.

## II.

On appeal, Robinson challenges the substantive reasonableness of the district court's sentence. We review the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A sentence is substantively unreasonable if it is "too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). More specifically, the sentence must be "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of the sentencing factors." *United States v. Johnson*, 24

F.4th 590, 607 (6th Cir. 2022) (internal quotation marks omitted). Because the court's sentence was within the Guidelines range, we presume that it is substantively reasonable. *United States v. Jones*, 81 F.4th 591, 602 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 611 (2024); *see also United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015) ("The standard is the same regardless of whether the sentence was imposed following conviction or revocation of supervised release."). Robinson can rebut this presumption by showing that the court "chose a sentence arbitrarily, ignored pertinent § 3353(a) factors, or gave unreasonable weight to any single factor." *United States v. Xu*, 114 F.4th 829, 847 (6th Cir. 2024) (quoting *United States v. Miller*, 73 F.4th 427, 431 (6th Cir. 2023)).

The district court was authorized to revoke Robinson's supervised release and require him "to serve in prison all or part of the term of supervised release[.]" 18 U.S.C. § 3583(e)(3). Before doing so, the court must consider certain § 3553(a) factors, including the nature and circumstances of the offense, Robinson's history and characteristics, the need to afford adequate deterrence, the need to provide effective correctional treatment, and the Guidelines sentencing range. *Id.* § 3553(a). Robinson argues that the court "gave too much weight to the violation conduct" while "ignor[ing] the fact that being in a halfway house would provide [him] more effective treatment." Appellant Br. at 8. In other words, he claims that the court "placed too much weight" on one of the § 3553(a) factors and "too little" on another. *Rayyan*, 885 F.3d at 442.

We find no reason to second-guess the district court's balancing of the relevant sentencing factors. The court expressly considered the joint recommendation of six months in a halfway house, but it ultimately determined that a term of incarceration would "satisf[y] all the requirements" of § 3553(a). Supervised Release Violation Sent'g Tr., R.399 at PageID 925. The court acknowledged "the seriousness of the offenses," noting that "[i]t is a serious violation of the law when someone commits the offense of false statements, basically lying to the probation office . . . for months." *Id.* at PageID 923; *see also id.* at PageID 924 (stating that it is "a very serious violation of supervised release to leave the district . . . without probation's consent and knowledge"). The court then addressed Robinson's particular circumstances, including the fact

3

that he "continued with his drug problems." *Id.* at PageID 923. Finally, the court considered the deterrent effect of incarceration, concluding that a prison term may encourage Robinson to "stop violating the law and violating the conditions." *Id.* at PageID 925. In short, the court's decision to sentence Robinson to six months in prison rather than six months in a halfway house was a matter of "reasoned discretion," so we decline to disturb its judgment. *Rayyan*, 885 F.3d at 442; *see also United States v. Keisel,* 400 F. App'x 33, 42–43 (6th Cir. 2010) (holding that a 12-month prison sentence imposed after a violation of supervised release was substantively reasonable even when the government did not oppose confinement in a halfway house); *United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005) (concluding that an above-Guidelines prison sentence was "not unreasonable" when the defendant "violated several terms of his supervised release, forged documents to cover his violations, and lied to his probation officer").

### III.

We **AFFIRM** the district court's judgment.