RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0082p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ERIC SEARS,

*Defendant-Appellant*.

No. 21-3545

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:20-cr-00824-1—Benita Y. Pearson, District Judge.

Decided and Filed:  April 26, 2022

Before: SILER, GIBBONS, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Marisa L. Serrat, Cleveland, Ohio, for Appellant.  Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

JULIA  SMITH  GIBBONS,  Circuit  Judge.    The  district  court  revoked  Eric  Sears's supervised release for a second time and sentenced him to a consecutive term of eighteen months of  imprisonment.    Sears  appeals  his  sentence,  arguing  that  it  was  procedurally  unreasonable because the district court miscalculated his supervised release Guidelines range by exceeding the maximum length permitted by 18 U.S.C. § 3583(e)(3).  He also contends that the new term of supervised release is substantively unreasonable because of its consecutive nature.  We hold that

under § 3583(e)(3), prior time served for violations of supervised release is not credited toward and does not limit the statutory maximum that a court may impose for subsequent violations of supervised release. Furthermore, the district court articulated its balancing of the relevant sentencing factors and imposed a sentence at the low-end of Sears's Guidelines range. Sears's sentence was procedurally and substantively reasonable, and accordingly we affirm.

**I**

On May 18, 2016, Sears was sentenced in the Western District of New York to fifteen months' imprisonment followed by three years of supervised release after pleading guilty to Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Sears's supervised release began on June 8, 2016, but was revoked on May 22, 2017, when he violated the terms of his release by possessing a controlled substance. Sears was sentenced to eight months in custody followed by twenty-eight months of supervised release. As he was serving this revocation sentence, he was convicted of Sexual Battery in state court in Ohio from an offense that occurred in 1996. Sears was sentenced to one year of incarceration followed by a term of parole. On November 19, 2018, Sears was released from state custody and began his parole in Ohio.

On July 24, 2020, law enforcement officers executed a search warrant at Sears's residence and found multiple bags of suspected crack cocaine, a bag of suspected heroin, and loaded firearms. Sears was arrested and placed into custody. In September 2020, an indictment was filed in the Northern District of Ohio charging Sears with two counts of possession of cocaine with intent to distribute; one count of possession of heroin and fentanyl with intent to distribute; one count of being a felon in possession of a firearm and ammunition; and one count of possession of a firearm in furtherance of drug trafficking crimes. Sears pled guilty to all of the counts, except the felon in possession of a firearm charge, which the government agreed to dismiss. The parties agreed to recommend that the district court impose a sentence within Sears's Guidelines range. With an offense level of 17 and a criminal history category of VI, Sears's combined adjusted Guidelines range on these charges was 111 to 123 months.

Because of Sears's July arrest and his indictment in the Northern District of Ohio, a supervised release violation warrant was issued by the Western District of New York. In December 2020, Sears's supervised release case was transferred from the Western District of New York to the Northern District of Ohio. Probation submitted a Violation Report outlining two violations of Sears's supervised release: first, a "New Law Violation" stemming from his July arrest and charges, and second, a violation for "Failure to Notify the Probation Officer of a Change of Address." The Guidelines range for revocation of Sears's supervised release was eighteen to twenty-four months' imprisonment.

At a combined supervised release violation hearing and sentencing in June 2021, the district court concluded that Sears violated the term of his supervised release by committing the new law violation and failing to notify probation of his changed address. The government requested a within-Guidelines sentence for both Sears's supervised release violations and criminal offenses, to run consecutively. Sears requested a concurrent sentence, arguing for the court to consider his inability to work during the pandemic or receive government assistance as a mitigating circumstance. Sears also noted that he "immediately admitted and acknowledged his wrongdoing" as officers executed the search warrant, and he did not try "to hide his conduct or make excuses." DE 19, Tr., at Page ID 108.

The court discussed the 18 U.S.C. § 3553(a) factors and imposed eighteen months' imprisonment, to be served consecutively to the 111-month sentence imposed on the new charges in case 1:20-CR-471 for a total of 129 months. The court noted that Sears "has tried not to make any excuses," but observed that "the pandemic hit all of us" and "there are lots of ways to have made a living . . . without slinging poison in our community." *Id.* at 108–10. The court explained:

> And I will impose, Mr. Sears, the low end, 18 months, and I will impose it consecutively to, in addition to the 111 months imposed for Counts 1, 2, 3 and 5.
>
> And I do it for this reason: You've not given me a single reason today that you didn't have before today, before the first of the many charges that you've pled guilty to by way of the indictment, all of which occurred in July of 2020, not to break the law.
>
> What you've told me today about your parents being old, they were old then. Your children existed then. You've broken the law and suffered consequences

then, but yet you did it again. Eighteen additional months. And we'll pay the true price for that because we'll take care of you.

But I want you to respect the law. And the only way I can do it, sir, is to make an example of you based on your own individual conduct.

So 18 months consecutive to the 111. That is 129 months total.

DE 19, Tr., at Page ID 122–23.

After imposing the sentence, the court asked Sears to "please tell me first what I may have missed." *Id.* at 132. The court granted Sears's request that the court recommend him to a specific facility, then asked "What else before your objections[?]" *Id.* at 133. Sears then objected to the consecutive nature of the supervised release violation sentence. The court acknowledged the objection and referenced the Sentencing Guidelines policy statement in 7B1.3(f), which suggests that terms of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively. The court accordingly overruled the objection.

On appeal, Sears argues the district court erred in imposing the eighteen-month consecutive supervised release violation sentence because it is procedurally and substantively unreasonable.

**II**

We review criminal sentences for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] sentence is procedurally reasonable where 'the trial court follows proper procedures and gives adequate consideration to [the 18 U.S.C. § 3553(a)] factors.'" *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020) (quoting *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020)). A sentence is substantively reasonable when the length of the sentence conforms with the goals of § 3553(a) to impose a sentence that is sufficient but not greater than necessary to serve the purposes of sentencing. *Id.* (citing *Holguin-Hernandez*, 140 S. Ct. at 766). "A claim that a sentence is substantively unreasonable is . . . a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others . . . ." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Because the district court's weighing of the § 3553(a) factors

"is a matter of reasoned discretion, not math," we are highly deferential in our review. *Id.* When a sentence is within the range recommended by the Sentencing Guidelines, "we presume the sentence was reasonable." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (citing *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Although we ordinarily review claims of procedural and substantive unreasonableness for an abuse of discretion, a procedural claim that was not raised as an objection before the district court is subject only to plain error review. *West*, 962 F.3d at 191. To satisfy plain error review, Sears must show "(1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Price*, 901 F.3d 746, 749–50 (6th Cir. 2018) (internal quotation marks and citation omitted). Such an error is found "only in exceptional circumstances," such as "where the error is so plain that the trial judge was derelict in countenancing it." *Vonner*, 516 F.3d at 386 (cleaned up).

**A**

Sears first argues that the district court improperly calculated his supervised release Guidelines range. He asserts that the statutory maximum sentence for this violation should have been reduced by the time he already served for his 2017 violation of supervised release—for which he was sentenced to eight months in custody and twenty-eight months of supervised release. Sears argues the statutory maximum sentence of twenty-four months should have been reduced by eight months for a statutory maximum of sixteen months' imprisonment—thus rendering the eighteen-month sentence "improper and excessive." CA6 R. 20, Appellant Br., at 18–19.

Sears failed to object to the court's calculation of his Guidelines imprisonment range at sentencing. Therefore, plain error review applies, and he must prove a clear or obvious error that affected his substantial rights and the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Igboba*, 964 F.3d 501, 508 (6th Cir. 2020).

Examples of clear or obvious errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. No such error occurred here.

Revocation of a defendant's supervised release is governed by 18 U.S.C. § 3583(e)(3). It provides that a district court has discretion to modify or revoke a term of supervised release after considering the factors set forth in § 3553(a). *Id.* § 3583(e). To revoke a term of supervised release and require a defendant to serve time in prison, the court must "find[] by a preponderance of the evidence that the defendant violated a condition of supervised release." *Id.* § 3583(e)(3). A defendant whose term of supervised release is revoked under § 3583(e) "may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a Class C or D felony." *Id.* Here, Sears's underlying offense is the 2016 cocaine conspiracy offense, which is a Class C felony. Accordingly, the statutory maximum under § 3583(e) is twenty-four months (two years). This section does not require courts to credit any prior revocation imprisonment sentences against the authorized statutory revocation imprisonment term. *See* 18 U.S.C § 3583(e).

The Congressional amendments to this section emphasize that there is no adjustment for prison time of previous revocations of supervised release. Prior to 2003, § 3583(e)(3) was interpreted to allow defendants to aggregate their prison time served for multiple revocations of their supervised release, and to credit this time toward the statutory maximum term of imprisonment. *See, e.g.*, *United States v. Perry*, 743 F.3d 238, 241 (7th Cir. 2014). But in 2003, Congress amended § 3583(e) and added the phrase "on any such revocation"—the only change made to the statute. PROTECT Act, Pub. L. No. 108–21, § 101, 117 Stat. 650, 651 (2003).

We have not decided whether the amended § 3583(e)(3) allows defendants to credit previous terms of imprisonment from prior revocations against the statutory maximum outlined in § 3583(e)(3). However, "[s]ince the statute was amended in 2003, every court of appeals to consider this issue has determined that the amendment 'eliminate[s] the credit for terms of imprisonment resulting from prior revocations.'" *Id.* at 241–42 (quoting *United States v.*

*Epstein*, 620 F.3d 76, 80 (2d Cir. 2010)); *see also United States v. Shabazz*, 633 F.3d 342, 346 (5th Cir. 2011) ("If Congress had intended for courts to continue reading the language at the end of § 3583(e)(3) as an aggregate limit on revocation imprisonment it would have left this portion of § 3583(e)(3) unaltered."); *United States v. Lewis*, 519 F.3d 822, 824–25 (8th Cir. 2008); *United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir. 2009); *United States v. Hernandez*, 655 F.3d 1193, 1196 (10th Cir. 2011) ("[T]he clause's plain language creates a new and independent two-year incarceration limit. To hold otherwise . . . [would require the court] to ignore the term 'any such revocation.' . . ."); *United States v. Spencer*, 720 F.3d 363, 367–68 (D.C. Cir. 2013). Indeed, the plain language of the amendment to § 3583(e)(3) makes it clear that the maximum imprisonment term is applicable *each time* a defendant's supervised release is revoked. We join our sister circuits and hold that prior time served for violations of supervised release cannot be aggregated and does not limit the statutory maximum that a court may impose for subsequent violations of supervised release pursuant to § 3583(e)(3).

Sears points to *United States v. Price*, 901 F.3d 746, 750 (6th Cir. 2018), to support his argument that the statutory maximum sentence for his current violation should have been reduced by the eight months he served for his previous violation. This reliance is misplaced because *Price* focused on 18 U.S.C. § 3583(h), which governs supervised release following revocation and pertains to extended supervision. 901 F.3d at 750. In *Price*, we held that § 3583(h) requires that the maximum term of supervised release be reduced by the aggregate of all post-revocation terms of imprisonment related to the same underlying offense. *Id. Price* does not directly address whether any post-revocation imprisonments should be credited against the statutory maximums outlined in § 3583(e)(3). In fact, *Price* supports the conclusion that our sister circuits have reached. In *Price*, we required district courts to account for post-revocation supervised release terms by reducing the aggregate term of prior revocation incarcerations under § 3583(h); simultaneously, we upheld the district court's imposition of the statutory maximum twenty-four-month revocation imprisonment sentence under § 3583(e) as substantively reasonable without requiring the court to reduce that sentence by the two months that the defendant previously served for an earlier supervised release violation. *Id.* at 748 n.1; 749, 751. In sum, the statutory language of §§ 3583(e) and 3583(h) differs, and our opinion in *Price* does

not mandate an aggregate credit for previous terms of imprisonment from prior revocations against the statutory maximums outlined in § 3583(e)(3).

Sears's eight months' time served for a prior violation of his supervised release is, therefore, not a credit against the statutory maximum the district court may impose for his most recent violation of supervised release. Accordingly, the district court properly calculated Sears's advisory Guidelines range as eighteen to twenty-four months and imposed a procedurally reasonable, within-Guidelines sentence of eighteen months.

**B**

Sears next argues that the consecutive nature of the district court's sentence is substantively unreasonable. He asserts that a consecutive sentence is greater than necessary to achieve the goals of sentencing under § 3553(a), "given the financial hardships he faced at the time of his offense, his immediate acknowledgement of wrongdoing, status as a caregiver to various family members including his elderly parents and minor children, and his age at fifty-four." CA6 R. 20, Appellant Br., at 21. Sears argues the sentence is substantively unreasonable because, although the district court pointed to the fact that he was under supervision at the time of the new offense, it "failed to address why this fact alone should warrant a consecutive sentence." *Id.*

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). We require a sentencing court to "make generally clear the rationale under which it has imposed the consecutive sentence." *Id.* at 346 (internal quotation marks and citation omitted). The court has broad discretion to determine which sentence will best serve the statutory objectives of § 3553(a), particularly in the "discretion-filled context of supervised release." *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009). A rebuttable presumption of substantive reasonableness applies to Sears's within-Guidelines sentence. *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007).

Here, the district court alerted Sears at the sentencing hearing that it would impose a consecutive sentence, noting that he did not provide a satisfactory response to the court's inquiry regarding why he violated the terms of his supervised release. The court discussed the 18 U.S.C. § 3553(a) factors and imposed the eighteen months of imprisonment to be consecutive because Sears's violations of his supervised release indicated that he did not "respect the law." DE 19, Tr., at Page ID 123, 126. When Sears objected to the consecutive nature of the sentence, the court referenced the Sentencing Guidelines policy statement in 7B1.3(f). Section 7B1.3 states, "Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively . . . ." The court emphasized, "Bottom line is you were on notice. You had plenty of opportunities to do the right thing. You were already under a term of supervision, having already served a lengthy term of incarceration, yet you violated the laws of these United States and respect must be paid." DE 19, Tr., at Page ID 134–35.

The court's detailed explanation of its choice to impose a consecutive sentence evinces no error. It imposed an eighteen-month sentence, at the low-end of Sears's advisory Guidelines range, and it did not do so arbitrarily or unreasonably. Sears's argument that the sentencing factors should have been balanced differently is insufficient to rebut the presumption of reasonableness. *See Price*, 901 F.3d at 752.

**III**

The district court considered the goals of sentencing, balanced the relevant factors, and imposed a reasonable sentence. It did not err in calculating Sears's supervised release Guidelines range because § 3583(e)(3) authorizes district courts to impose the relevant statutory maximum sentence on *each* revocation of supervised release. Sears's sentence is therefore procedurally and substantively reasonable. We affirm.