NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0452n.06

Case No. 21-6148/6149

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 09, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| MOISES TAJIBOY-ALFARO, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: COLE, GIBBONS, and BUSH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. After Moises Tajiboy-Alfaro pled guilty to illegal reentry, the district court sentenced him to eighty-four months of imprisonment and a consecutive term of twenty months of imprisonment for violating the terms of his supervised release. Tajiboy-Alfaro argues that this sentence is procedurally unreasonable because his prior convictions were "double counted" in calculating both the base offense level and the criminal history category for his Guidelines range. He also contends that his sentence is substantively unreasonable because the district court placed too much weight on his criminal history. Finally, he argues that the consecutive nature of his sentence is substantively unreasonable.

The district court properly applied the Guidelines, including a permissible form of "double counting" affirmatively contemplated by the Sentencing Commission. Furthermore, the district court addressed and balanced the relevant sentencing factors in determining his sentence,

ultimately varying downward significantly from the Guidelines range. Because the district court did not abuse its discretion in sentencing Tajiboy-Alfaro, we affirm.

I.

Moises Tajiboy-Alfaro came to the United States from Guatemala illegally as a teenager. His criminal record began when he was twenty years old. He is now fifty-three. In that time, Tajiboy-Alfaro committed numerous offenses, including: felony battery of a law enforcement officer in 1998, two federal felonies related to a counterfeit currency scheme in 2000, felony burglary and theft in 2004, and three felony illegal reentry violations in 2009, 2012, and 2016, each after being deported. All of these crimes occurred and were adjudicated in either Florida or Texas.

Tajiboy-Alfaro's 2016 illegal reentry violation occurred in the Western District of Texas. He was imprisoned for the offense from September 20, 2016, to September 11, 2018, at which point he was released, and his three-year period of supervised release commenced. On October 3, 2018, Tajiboy-Alfaro was deported back to Guatemala.

In May 2019, Tajiboy-Alfaro was apprehended by police officers in Covington, Kentucky. He had fled the scene of a car accident, causing a car chase with police and almost striking an officer in the process. After investigation, it was determined that Tajiboy-Alfaro, driving without a license or insurance, caused the accident after recklessly chasing another vehicle. On April 8, 2021, he pled guilty to a felony count of fleeing and evading the police and was sentenced to two years imprisonment.

Tajiboy-Alfaro was then transferred into federal custody for handling of charges of reentry after his October 2018 deportation and of violating his supervised release imposed in 2016.[1] In July 2021, Tajiboy-Alfaro pled guilty to illegal reentry. Four months later, Judge Bunning held a combined sentencing hearing for the illegal reentry and supervised release violations. At the hearing, Tajiboy-Alfaro stipulated that his commission of state and federal crimes in 2019 violated his supervised release imposed by the Western District of Texas. The government sought a within-Guidelines sentence of 124 months in the illegal reentry case due to Tajiboy-Alfaro's recidivist behavior and to secure more effective deterrence. While the government made no specific recommendation as to the length of the sentence for the supervised release violations, it did request that the illegal reentry and supervised release sentences be imposed consecutively. Tajiboy-Alfaro sought a downward variance to a total sentence of sixty months because of his age, his cooperation with government investigations, and the overrepresentation of his criminal history when calculating the Guidelines range. He also noted his inability to participate in many prison programs because of his immigration status.

The district court discussed the 18 U.S.C. § 3553(a) factors, listened to Tajiboy-Alfaro's statement, and sentenced him. During the sentencing, Tajiboy-Alfaro challenged the use of his prior convictions to calculate both the offense level and the criminal history category, implying that it amounted to impermissible "double counting." Judge Bunning acknowledged the high Guidelines range but rejected the argument as "the case law is pretty clear" and moved on to pronounce the sentence. 2:21-cr-20, DE 19, Sentencing Tr., PageID 77. The 2019 illegal reentry offense carried a Guidelines range of 110 to 137 months. For that crime, Judge Bunning sentenced

---

[1] In May 2021, the Western District of Texas transferred Tajiboy-Alfaro's 2016 case to the Eastern District of Kentucky for disposition and sentencing for the supervised release violations.

Tajiboy-Alfaro to eighty-four months imprisonment followed by three years of supervised release. The supervised release violations carried a Guidelines range of eighteen to twenty-four months, and Judge Bunning sentenced Tajiboy-Alfaro to twenty months of imprisonment to run consecutively with his illegal reentry sentence. In total, Tajiboy-Alfaro was sentenced to 104 months of imprisonment and three years of supervised release.

## II.

Criminal sentences are reviewed for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).[2] A district court can commit procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. A sentence is substantively reasonable when the length of the sentence conforms to the factors listed under § 3553(a) and is "sufficient, but not greater than necessary, to comply with the purposes" of retributive justice, deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(a). While courts must consider "the totality of the circumstances, including the extent of any variance from the Guidelines range," *Gall*, 552 U.S. at 39, a below-Guidelines sentence is presumed not to be unreasonably severe. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Additionally, the abuse-of-discretion standard means a defendant's argument must go beyond "asserti[ng] that the district court should have balanced the § 3553(a) factors differently." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

## III.

---

[2] Defendants must object at the district court to receive review of their procedural unreasonableness challenges for abuse of discretion, as opposed to plain error review. *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022). Tajiboy-Alfaro has done so in this case.

First, Tajiboy-Alfaro argues that his sentence is procedurally unreasonable because it is an impermissible form of "double counting" his prior convictions. Next, he asserts that his sentence is substantively unreasonable because the district court emphasized his criminal history too heavily in weighing the § 3553(a) factors. Finally, Tajiboy-Alfaro claims that the district court's decision to impose a consecutive sentence was substantively unreasonable because the judge relied on a single § 3553(a) factor. Because Tajiboy-Alfaro's arguments without merit, we affirm.

A.

Tajiboy-Alfaro first argues that his sentence for illegal reentry was procedurally unreasonable. He claims that his sentence was the result of impermissible double counting when applying the Guidelines because his prior convictions increased the base offense level by twenty levels and enhanced his criminal history score by twelve points. Tajiboy-Alfaro does not claim that the district court improperly applied the Guidelines. Rather, he argues that § 2LB1.2(b)(1)(a), the sentencing guideline for illegal reentry, is anomalous in its severity and thus the district court should have disregarded § 2LB1.2 beyond the base offense level it provides.

Double counting can be procedurally unreasonable. *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999). "It is well established that impermissible double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Duke*, 870 F.3d 397, 404 (6th Cir. 2017) (citation and quotation marks omitted). This inquiry requires determining whether double counting occurred and, if so, whether such double counting was impermissible. *Id.*

Double counting did occur in Tajiboy-Alfaro's sentence. His prior convictions were used to increase his base offense level under U.S.S.G. § 2L1.2(b)(1) (four-level increase for felony reentry offense), §2L1.2(b)(2) (eight-level increase for a felony offense other than reentry

committed, before defendant was first deported, for which a sentence of two years or more was imposed), and §2L1.2(b)(3) (eight-level increase for a felony offense other than reentry committed, after defendant was first deported, for which a sentence of two years or more was imposed). These prior felonies were also used to enhance Tajiboy-Alfaro's criminal history category, which totaled over twenty criminal history points under § 4A1.1 and placed him in criminal history Category VI. The combination of those two factors yielded an advisory Guidelines range of 110 to 137 months.

However, this double counting was permissible. Double counting is allowed "'where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct.'" *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (quoting *Farrow*, 198 F.3d at 194). The Sentencing Commission expressly contemplated the use of prior convictions to calculate both the offense level and criminal category for defendants under § 2L1.2 in the Application Notes. *See United States v. Jarman*, 144 F.3d 912, 914 (6th Cir. 1998) ("[T]he Application Notes to the Sentencing Guidelines are accorded controlling weight.") (citation omitted). In the Application Notes for illegal reentry, the Commission explains: "A conviction taken into account under subsection (b)(1), (b)(2), or (b)(3) is not excluded from consideration of whether that conviction receives criminal history points pursuant to [§ 4A] (Criminal History)." U.S.S.G. § 2L1.2, cmt. n.3.

Circuit precedent confirms that the calculations in Tajiboy-Alfaro's case are proper and not procedurally unreasonable. In *United States v. Hernandez-Fierros*, we held that double counting was permissible when an illegal reentry defendant's previous conviction increased both his base offense level and his criminal history score. 453 F.3d 309, 312-13 (6th Cir. 2006). The district court did not abuse its discretion and imposed a procedurally reasonable sentence when it properly applied the Guidelines.

B.

Tajiboy-Alfaro next argues that his sentence of eighty-four months for illegal reentry was substantively unreasonable because the district court gave "undue weight to [his] criminal history" and inadequate consideration to the other § 3553(a) factors. CA6 R. 15, Appellant Br., at 14. He recites his many contributions to the community, his educational efforts, his aid to government investigations, his family ties, and the difficult childhood circumstances that led him to this point. He argues that the district court focused too heavily on the defendant's eight prior felonies and gave inadequate attention to the other positive aspects of Tajiboy-Alfaro's history and character, formulating a sentence that was substantively unreasonable.

Substantive unreasonableness can occur "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (citation omitted). While the court has broad discretion, it must consider the factors under § 3553(a): the nature and circumstances of the offense, the history and character of the defendant, the kinds of sentences available, the sentencing range established by the Guidelines, and the need to avoid sentencing disparities with defendants who have been found guilty of the same conduct and with similar criminal histories. *Id.*

At Tajiboy-Alfaro's sentencing, the district court gave detailed review, explanation, and balancing of the § 3553(a) factors, without giving undue weight to any one factor. The district judge first discussed Tajiboy-Alfaro's character and contributions to his community with counsel. He listened to Tajiboy-Alfaro's counsel describe his client's family connections to the United States, status as an ordained minister, history of providing helpful information to the government without anything in exchange, and his two children who served in the United States military. The

judge engaged with this discussion, referencing a letter that Tajiboy-Alfaro had written to him in which "[Tajiboy-Alfaro] mentioned he just wants to make America a better place for his kids." 2:21-cr-20, DE 19, Sentencing Tr., PageID 81. The judge then heard from Tajiboy-Alfaro and discussed the nature and circumstances of the present reentry offense. Proceeding to his criminal history, the judge warned that it "is one of the worst I've seen for an illegal reentry defendant," but also acknowledged that Tajiboy-Alfaro had "done some things that have been helpful . . . gotten some degrees, some certifications[,] . . . been able to support [his] family to some extent." *Id.* at 92. Finally, the district court noted the recidivist nature of Tajiboy-Alfaro's behavior, stating that he had not shown the necessary respect for the law and had proved himself to be "somewhat of a menace to society" with a history of violating the terms of his supervision and "a history of flight." *Id.* at 92.

"Looking at all of the factors," the judge imposed Tajiboy-Alfaro's sentence. *Id.* at 93. Although application of the Guidelines for the illegal reentry offense produced a range of 110 to 137 months, or approximately nine to eleven years, the judge varied downward and selected a sentence of eighty-four months, or approximately seven years. He then sentenced Tajiboy-Alfaro to twenty months for each of the four supervised release violations, to run concurrently with one another but to run consecutively with the eighty-four-month term for illegal reentry. The supervised release sentence was within the Guidelines range of eighteen to twenty-four months.

The district court's sentence evinces no abuse of discretion. The sentence imposed was not only a significant downward variance from the properly calculated Guidelines range, but it also balanced Tajiboy-Alfaro's extensive criminal history with the positive attributes and contributions he has made throughout his life and while in custody. Tajiboy-Alfaro's arguments

that the sentencing factors should have been balanced differently are inadequate to rebut the presumption of reasonableness.

C.

Tajiboy-Alfaro finally argues that the consecutive nature of district court's sentence is substantively unreasonable. He asserts that the district court only gave one reason for issuing a consecutive sentence and failed to consider the other § 3553(a) factors, thereby abusing its discretion. Tajiboy-Alfaro points to the transcript of the sentencing hearing, where the district judge, just before handing down a consecutive imprisonment sentence, stated that Tajiboy-Alfaro "violated the trust of the district court judge . . . who imposed the [2016 illegal reentry] sentence." 2:21-cr-18, DE 19, Sentencing Tr., PageID 93. Tajiboy-Alfaro claims that this violation of trust was the only reason relied upon by the judge in issuing a consecutive sentence, and therefore its consecutive nature is substantively unreasonable.

When a defendant is sentenced for multiple offenses, sentencing judges have discretion to impose those sentences to run either concurrently or consecutively. 18 U.S.C. § 3584(a). In exercising that discretion, the sentencing judge must consider the factors listed in 18 U.S.C. § 3553(a), which includes policy statements by the Sentencing Commission. 18 U.S.C. § 3553(a)(5)(A). The Sentencing Commission's policy statement in U.S.S.G. § 7B1.3(f) provides: "A term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence that the defendant is serving . . . ." U.S.S.G. § 7B1.3(f). The district court is not obligated to order a consecutive sentence, but it must consider the Sentencing Commission's stated preference for consecutive sentences in supervised release violations as well as the other § 3553(a) factors. *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011).

Additionally, there is no requirement that the sentencing judge state a specific reason or place the entirety of the § 3553(a) balancing process on the record to impose a consecutive sentence. *Id*. If the court makes "generally clear" on the record the rationale under which it imposed the consecutive sentence, it has not abused its discretion. *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). Judges satisfy the requirement of relying on the § 3553(a) factors when it they make clear that they are choosing a substantive sentence and running sentences consecutively for the same reasons. *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012).

Tajiboy-Alfaro's claim that the consecutive nature of his sentence was substantively unreasonable fails for two reasons. First, his claim that "breach of trust" was the only explanation for imposing the consecutive sentence is not supported by the record. The comment regarding Tajiboy-Alfaro's breach of trust was part of the court's summation of the entirety of the § 3553(a) factors: "Looking at all of the factors I have to consider . . . I'm going to impose a combination sentence here that I think is appropriate, given the facts and circumstances, given the fact that [Tajiboy-Alfaro] violated the trust of the district court judge . . . ." 2:21-cr-20, DE 19, Sentencing Tr., PageID 93. At that point, the district judge pronounced Tajiboy-Alfaro's sentence length and that the two terms would run consecutively.

Second, the judge made clear that the same reasons for Tajiboy-Alfaro's substantive sentence applied to the decision to run the sentences consecutively. By referencing "all of the factors" and the same "facts and circumstances," the court indicated that its reasoning for the substantive sentence length and its consecutive nature was the same: the recidivist nature of Tajiboy-Alfaro's criminal history coupled with the mitigating circumstances of his life and character. Although the district court did not give a factor-by-factor breakdown of its reasons for

imposing a consecutive sentence, it was not required to do so. *Cochrane*, 702 F.3d at 346 ("The district court need not state its rationale [for a consecutive sentence] explicitly . . .").

The district court did not abuse its broad discretion in imposing a consecutive sentence. The court imposed a twenty-month sentence, on the lower end of the Guidelines range, for the four separate supervised release violations that Tajiboy-Alfaro committed, and it did not do so arbitrarily or unreasonably. Tajiboy-Alfaro's challenge to the consecutive nature of his sentence therefore fails.

## IV.

For the foregoing reasons, we affirm the district court's sentencing decisions.