NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0128n.06

No. 24-5244

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JEFFREY SCOTT BREWINGTON, JR., | ) |
| Defendant-Appellant. | ) |

**FILED**
Mar 05, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: THAPAR, BUSH, and MURPHY, Circuit Judges.

**BUSH, Circuit Judge.** After violating numerous conditions of his supervised release, the district court revoked Defendant-Appellant Jeffrey Brewington's release and imposed an above-Guidelines sentence of imprisonment. Because the sentence is procedurally and substantively reasonable, we **AFFIRM.**

**I.**

In 2012, Brewington pleaded guilty to a federal firearm offense and a controlled substance offense. The district court sentenced Brewington to 120 months' imprisonment followed by 60 months' supervised release. In 2020, the court granted Brewington compassionate release, and he began his five years of supervised release.

Since then, Brewington's supervised release has been revoked three times. The first revocation came just nine months after his release when Brewington assaulted his mother and prevented her from calling 911. The district court sentenced Brewington to three months' imprisonment for violations arising out of the assault. Just months after he was released from

prison, the district court revoked Brewington's supervised release a second time after he lied about using controlled substances and fabricated documents indicating that he successfully completed a drug treatment program. The court imposed a sentence of 18 months' imprisonment for these violations followed by 24 months' supervised release.

This appeal concerns Brewington's third revocation. In February 2024, Brewington's probation officer filed a petition alleging six violations of Brewington's conditions of release. Brewington admitted guilt as to five of the allegations, including that he committed several federal crimes by unlawfully possessing controlled substances and attempting to falsify a drug test, interacted with a convicted felon and other persons engaged in criminal activity, and failed to comply with the conditions of his drug treatment program. The district court also found Brewington guilty of failing to notify his probation officer of an interaction with law enforcement, the only violation he contested.

Turning to sentencing, the district court calculated a maximum term of 60 months' imprisonment and a Sentencing Guidelines range of 12–18 months' imprisonment. The United States requested an upward variance to 60 months' imprisonment, which it maintained was appropriate given Brewington's past violations and the nature of his current violations. The district court agreed that an upward variance was appropriate and sentenced Brewington to 39 months' imprisonment. Brewington timely appealed.

## II.

After finding a defendant violated a condition of supervised release, the district court may revoke the defendant's release and impose a sentence of imprisonment. *See* 18 U.S.C. § 3583(e)(3). Any sentence imposed must pass the bar of reasonableness and comply with a subset of the factors outlined in 18 U.S.C. § 3553(a). *See* § 3583(e); *United States v. Bolds*, 511 F.3d

568, 578 (6th Cir. 2007).  Brewington does not contest the revocation of his supervised release. Instead, he maintains that the sentence imposed is both procedurally and substantively unreasonable.  Reviewing for an abuse of discretion, *Bolds*, 511 F.3d at 578,[1] we disagree.

*First*, the district court did not commit procedural error in concluding that 60 months was the maximum term of imprisonment for Brewington's violations.  That term was applicable because Brewington's underlying conviction is a Class A felony.  *See* § 3583(e)(3).  Brewington argues that his maximum sentence should have been reduced by 21 months to account for the months of imprisonment he served for his first two revocations.  But both statutory text and precedent make clear that time served for a prior supervised release violation does not reduce the statutory maximum term of imprisonment the district court may impose for a subsequent violation. *See* § 3583(e)(3); *United States v. Sears*, 32 F.4th 569, 573–75 (6th Cir. 2022).

*Second*, Brewington's sentence is not substantively unreasonable.  Federal law vests district courts with "broad discretion to determine which sentence will best serve" the statutory purposes of sentencing, "particularly in the 'discretion-filled context of supervised release.'" *Sears*, 32 F.4th at 576 (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)). Although it imposed an above-Guidelines sentence, the district court adequately explained that an upward variance was appropriate given Brewington's prior violations and his repeated inability to comply with his conditions of release.  *See United States v. Vines*, 799 F. App'x 371, 375–76 (6th Cir. 2020) ("For an offender who commits multiple supervised-release violations, it is not an abuse of discretion to vary up to the applicable statutory maximum.").  Those factors differentiate Brewington's situation "from the typical or mine-run" case that the revocation Guidelines account

---

[1] Because Brewington's arguments fail under the abuse of discretion standard, we need not address the government's contention that at least one of Brewington's arguments is subject to plain-error review.

for. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). What's more, the district court explained why Brewington's proposed mitigating factors did not outweigh the aggravating factors justifying an upward variance, which demonstrates that the court appropriately balanced the relevant § 3553(a) factors. Given its careful consideration of Brewington's individual circumstances, we cannot say the district court abused its discretion in sentencing Brewington to 39 months' imprisonment.

### III.

For these reasons, we affirm the district court's judgment.