RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0348p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOE'VEON M. PENSON WILLIS,

*Defendant-Appellant*.

No. 25-3038

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Akron.
No. 5:24-cr-00043-1—Bridget Meehan Brennan, District Judge.

Decided and Filed:  December 18, 2025

Before:  NALBANDIAN, DAVIS, and HERMANDORFER, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Susan J. Moran, Cleveland, Ohio, for Appellant.  Segev Phillips, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

NALBANDIAN, Circuit Judge.  Joe'Veon Penson Willis operated a drug house with his half-brother.  The government found out, raided the house, and arrested the brothers.  Willis pled guilty and received a below-Guidelines sentence for drug and firearm offenses.  Now he asks us to reverse his drug sentence as illegal and unreasonable.  He's wrong on both fronts, so we affirm that part of his sentence.  Separately, the government uncovered an error in his firearm sentence.  But because the error didn't affect the overall sentence, we affirm that part of Willis's sentence too.

# I.

## A.

On Christmas Day, 2021, Joe'Veon Penson Willis and his half-brother, John Penson, started a Facebook Live video stream from their living room.  With loud music playing, they described their drug business.  This didn't just put them on Santa's naughty list—it also caught the federal government's attention.  So the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Drug Enforcement Administration (DEA) got involved.  And a few days later, agents from the ATF and the DEA executed a search warrant at the house.  But they didn't find milk and cookies.  They found drugs and guns.

The agents focused on three areas.  In Willis's room, they found 425 grams of meth, 25 grams of a fentanyl mixture, one gram of fentanyl, a digital scale, a loaded Glock magazine, and eight rounds of loose ammunition.  In his half-brother's room, they found a loaded Glock 19 pistol with a large-capacity magazine, eight grams of a fentanyl mixture, 13 meth pills (six grams), and a blender with suspected drug residue.  And in the shared spaces—the living room, sunroom, kitchen, and hallway closet—they found an RF-15 (AR-15 type) pistol, two large-capacity magazines, a 12-gauge shotgun, a gun box, 100 meth pills (44 grams), a digital scale with suspected drug residue, a clean digital scale, and loose ammunition.

Then the agents examined the guns.  The ATF noticed that neither brother had purchased the Glock 19 or the RF-15, so they investigated the purchase history.  They found that Willis had used a fraudulent buyer to purchase the firearms on his behalf.  And on the brothers' social media accounts, they found photos of Willis holding pistols that matched the Glock 19 and RF-15.

## B.

So the government charged Willis with one count of maintaining a drug premises (21 U.S.C. § 856(a)(1)) and two counts of aiding and abetting false statements during the purchase of a firearm (18 U.S.C. §§ 922(a)(6), 924(a)(2)).  Willis pled guilty without a written

plea agreement. At his sentencing hearing, he objected twice to the government's treatment of his drug offense.

First, Willis objected to the government's application of a two-point enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a drug premises. He said that this enhancement unlawfully double-counted the same conduct because the underlying offense and the enhancement each punished "maintaining a drug premises."

Second, although Willis accepted responsibility for most of the items in his room, he said that neither the meth nor the fentanyl mixture was his. Still, his Presentence Report and advisory Guidelines calculation attributed all the drugs to him. So Willis also objected to the attribution of the meth pills found in the common area.

The district court rejected these arguments. The court adopted the PSR in full, resulting in a Guidelines range of 168–210 months. But it varied downward, sentencing Willis to three concurrent sentences of 135 months—one for each count. Willis appealed.

## II.

Willis says his sentence should've been even lower. He raises two arguments, which match his two objections at sentencing. First, he says the court double-counted the same conduct by applying a two-point enhancement for maintaining a drug premises. And second, he says the sentence was substantively unreasonable because it exceeded the necessary length to achieve the Guidelines' goals.

We also address one argument Willis didn't make. The government says that because the district court exceeded the 120-month maximum sentences for the two gun-related counts, we should issue a limited remand to correct the sentence on those counts.

## A.

First, Willis brings a double-counting argument. He doesn't rely on any disputed facts— he only challenges whether a particular Guidelines provision should apply. *See United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010). Typically, we review a district court's interpretation of statutes and the Guidelines de novo, its factual findings for clear error, and its

application of a Guidelines enhancement to the facts with due deference. *United States v. Burke*, 345 F.3d 416, 426–27 (6th Cir. 2003); *United States v. Baggett*, 342 F.3d 536, 539 (6th Cir. 2003). Here, Willis's argument centers on the district court's interpretation of statutes and the Guidelines, so we review the court's interpretation de novo. *United States v. Hensley*, 110 F.4th 900, 904 (6th Cir. 2024) (reviewing the defendant's double-counting argument de novo).

We make two inquiries when we review a double-counting argument. *Id.* at 905. We first look at whether both provisions cover "precisely the same aspect" of the defendant's conduct. *Id.* (citation modified). And second, "even if two provisions rely on precisely the same aspect of a defendant's conduct, double-counting is permissible if Congress or the Sentencing Commission intended as much." *Id.* We decipher intent "by looking to the relevant text." *Id.*

Here, the relevant text permits double-counting.[1] In 1986, Congress passed a statute criminalizing Willis's conduct. Congress criminalized "knowingly . . . maintain[ing] any place . . . for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. § 856(a)(1). And the Guidelines provided a base offense level. *See* U.S.S.G. § 2D1.8 (1987). Then in 2010, Congress authorized an enhancement for that conduct. It commanded the Sentencing Commission to "ensure an *additional increase* of at least 2 offense levels if . . . the defendant maintained an establishment for the manufacture or distribution of a controlled substance, as generally described in [21 U.S.C. § 856]." Fair Sentencing Act, Pub. L. No. 111–220 § 6(2), 124 Stat. 2372, 2373 (2010) (emphasis added). And the Commission obeyed. The relevant Guidelines provision now provides that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." U.S.S.G. § 2D1.1(b)(12).

---

[1]The government says that Willis can't satisfy the first inquiry because although the statute criminalizes maintaining a drug house, district courts calculate the punishment for that offense by counting the quantity of the drugs involved. *See* U.S.S.G. § 2D1.1(a)(5). We're skeptical. A provision could punish one aspect of a defendant's conduct while using a separate aspect of his conduct to calculate his punishment. Here, the provisions might punish Willis for "maintaining a drug premises" even if they use drug quantity to calculate his punishment. But regardless, we don't reach this argument because the relevant provisions permit double-counting. *See Hensley*, 110 F.4th at 906.

Congress wrapped its intent in plain text—it penalized criminals for maintaining drug premises, then it explicitly added an additional increase to that penalty. So although applying the "drug premises" enhancement to a "drug premises" offense might seem strange, Congress's unmistakable intent tells courts to do so. *See Hensley*, 110 F.4th at 905. And we allow district courts to follow that instruction. *See id.* at 905–06. Other circuits have reached this same conclusion. *See United States v. Moon*, 853 F. App'x 996, 997 (5th Cir. 2021); *United States v. Anderson*, 816 F. App'x 318, 322 (11th Cir. 2020); *United States v. Cline*, 740 F. App'x 792, 793 (4th Cir. 2018). So the district court didn't err when it applied the "drug premises" enhancement under U.S.S.G. § 2D1.1(b)(12).

**B.**

Second, Willis challenges the substantive reasonableness of his below-Guidelines sentence. We review the sentence's reasonableness using a "highly deferential" abuse of discretion standard. *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022); *see United States v. Musgrave*, 761 F.3d 602, 607–08 (6th Cir. 2014). And we apply a "presumption of reasonableness" to within-Guidelines sentences, with an even stronger presumption for below-Guidelines sentences like Willis's. *See United States v. Drake*, 126 F.4th 1242, 1246 (6th Cir. 2025); *United States v. Wells*, 55 F.4th 1086, 1093–94 (6th Cir. 2022).

Willis's substantive-reasonableness argument challenges two decisions made by the district court: (1) imposing the "premises" enhancement and (2) attributing the common-area drugs to Willis.

Willis says the court's "premises" enhancement "yields a sentence greater than necessary to achieve [18 U.S.C.] § 3553(a)'s purposes." Appellant Br. at 17 (citation modified). But the court followed Congress's instructions when it applied the enhancement, and it even varied downward. So it didn't exceed the sentence necessary to achieve § 3553(a)'s purposes when it followed federal law under 21 U.S.C. § 856(a)(1) and Pub. L. No. 111–220 § 6(2). *Cf. Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another."). And it certainly didn't abuse its discretion by doing so.

Willis also argues that many of the drugs weren't his.  He says the drugs belonged to his half-brother, relying on witness testimony from the sentencing hearing.  *See* Appellant Br. at 15–16.  But that's not for us to decide.  The district court heard the testimony, saw the evidence, and decided to hold Willis responsible for the drugs inside his home.  This decision rested on ample evidence and sound logic.  So the district court didn't abuse its discretion when it attributed the drugs to Willis.

## C.

Finally, the government points out a flaw in Willis's sentence.  The district court sentenced Willis to 135 months' imprisonment and 36 months' supervised release for each of three counts, running concurrently.  But the two gun-related counts carry statutory maximums of 120 months.  *See* 18 U.S.C. § 924(a)(2).  So the government is right—the district court erred.  Instead of three equal and concurrent sentences, the court should've sentenced Willis to one longer sentence (135 months for the drug-related count) and two shorter ones (120 months for each gun-related count).  The parties hardly discuss this issue because Willis doesn't raise it on appeal and never filed a reply brief.

The Federal Rules of Criminal Procedure give us the "sound discretion" to correct a forfeited error, but we shouldn't exercise that discretion unless "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation modified); *see* Fed. R. Crim. P. 52(b).  We exercise this discretion only in "exceptional circumstances," like when an error will require a defendant to serve extra time in prison.  *United States v. Atkinson*, 297 U.S. 157, 160 (1936); *see Rosales-Mireles v. United States*, 585 U.S. 129, 141–42 (2018).  And we must disregard any error that "does not affect substantial rights." Fed. R. Crim. P. 52(a).

The district court's mistake has no effects, let alone serious ones.  After all, the three sentences run concurrently.  If the district court resentenced Willis to fewer months for the gun-related charges, he still would serve the exact same number of months:  135 months in prison and 36 months on supervised release.  And his record still would include the two gun-related counts, so our decision to affirm doesn't have any collateral consequences.  *See United States v. Maze*,

468 F.2d 529, 536 n.6 (6th Cir. 1972), *aff'd*, 414 U.S. 395 (1974) (accounting for the defendant's opportunity to clear his criminal record).  So the court's error did not affect Willis's substantial rights.

In fact, even if Willis had raised this mistake, we wouldn't have considered it.  We follow the "concurrent-sentence doctrine," by which we "decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction, the defendant will suffer no collateral consequence from the conviction, and the issue does not involve a significant question." *Raines v. United States*, 898 F.3d 680, 687 (6th Cir. 2018) (citation modified).  And this applies "even if the challenged sentence exceeds the statutory maximum." *United States v. Wright*, No. 23-3008, 2024 WL 5482507, at *3 (6th Cir. Oct. 11, 2024), *cert. denied*, 145 S. Ct. 1955 (2025).

We decline to exercise our discretion to correct the forfeited error.  *See Olano*, 507 U.S. at 732.

**III.**

Willis received a below-Guidelines sentence for maintaining a house containing illegal drugs and illegally purchased guns.  This sentence is legally sound and substantively reasonable.  And remanding to correct a nominal error wouldn't change the sentence.  So we AFFIRM.