NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0172n.06

Case No. 25-1429

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 17, 2026 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DOUGLAS JAMES WILMURTH, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | OPINION |

_____

Before: BOGGS, BATCHELDER, and MOORE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Douglas Wilmurth pled guilty to two firearms offenses and one drug offense, and the district court sentenced him to a bottom-of-the-Guidelines-range term of imprisonment and three years of supervised release. Among other provisions, the district court ordered that Wilmurth's instant sentence be "consecutive to any other undischarged terms of imprisonment" and conditioned Wilmurth's supervised release on his submitting to searches by probation officers. Wilmurth now challenges the consecutive-sentence provision as inconsistent with the Sentencing Guidelines and both provisions as inconsistent with the district court's oral sentencing pronouncement. Because the consecutive-sentence provision is not plainly erroneous, and because the challenged portions of the oral and written sentences are consistent, we **AFFIRM.**

**I.**

Michigan State Police began investigating Wilmurth in the summer of 2023. After making several controlled purchases of crystal methamphetamine from Wilmurth at a Stevensville

residence and learning of Wilmurth's (a convicted felon) possession of firearms there, police officers executed a search warrant for that property. Among other items, the officers seized six firearms and over 70 kilograms of various controlled substances. Wilmurth was arrested on state and, later, federal charges. He was indicted by a federal grand jury on three counts: unlawfully possessing firearms as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count I), possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count II), and possessing an unregistered short-barrel shotgun, in violation of 26 U.S.C. § 5861(d) (Count III). The district court released Wilmurth on bond, but he absconded and removed his monitoring equipment, both in violation of his bond terms. Months later, he was arrested again, this time for breaking and entering. He pled guilty to two state charges for that conduct and was returned to federal custody.

Wilmurth eventually pled guilty to all three counts of the federal indictment. His presentence report listed his Guidelines range as 188 to 235 months of imprisonment based on a total offense level of 31 and a criminal-history category of VI. His total offense level was based in part on a two-point increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1. In particular, his presentence report stated that he had "absconded from bond and removed his location monitoring equipment. He was then arrested and sentenced on a state offense, and sent to [Michigan Department of Corrections] custody. He had to be returned to federal custody via a writ of habeas corpus approximately five months later. His conduct significantly impeded the court process" and "related to [Wilmurth's] offense of conviction."

At the sentencing hearing, the district court sentenced him to 180 months of imprisonment on Count I, 188 months of imprisonment on Count II, and 120 months of imprisonment on Count III, all to be served concurrently. Noting that Wilmurth "ha[d] undischarged terms of

imprisonment from the Michigan Department of Corrections," the district court ordered that his instant sentence be "consecutive to any undischarged terms of imprisonment that he may still have to serve within the jurisdiction of the Michigan Department of Corrections."

The district court also imposed a three-year term of supervised release on each count, all to be served concurrently. The district court conditioned Wilmurth's supervised release on his submitting to searches:

> [Wilmurth] must submit [his] person, property, house, vehicle, papers, computers, and other electronic devices to a search conducted by the United States Probation Office. Failure to submit to a search may be grounds for revocation of release. . . . He must warn other occupants of the premises [where] he lives or works [that] the premises is subject to search pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that he's violated a condition of supervision and that the areas to be searched contain evidence of the violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Neither party objected to the presentence report. Wilmurth's counsel made no legal objections to the district court's sentence and affirmed that he was satisfied that the district court had addressed all of his arguments on the record.

The district court entered a written judgment reflecting Wilmurth's guilty plea, the term of imprisonment, and the term of supervised release. The written judgment specified that Wilmurth's term of federal imprisonment would be "consecutive to any other undischarged terms of imprisonment." It also included the following "special condition" of supervised release:

> You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.
>
> The probation officer may conduct a search under this condition only when a reasonable suspicion exists that you have violated a condition of supervision and

that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Wilmurth appeals his sentence.

## II.

### A.

Wilmurth first contends that the district court erred in running his instant sentence consecutively to his other undischarged terms of imprisonment. Instead, according to Wilmurth, U.S.S.G. § 5G1.3(b) applies because his other undischarged sentence "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)." As such, he maintains that the court should have "(1) adjusted the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determined that such period of imprisonment would not be credited to the federal sentence," and (2) imposed the instant sentence "concurrently to the remainder of the undischarged term of imprisonment." *Id.*, § 5G1.3(b) (citation modified).

Alternatively, Wilmurth argues that § 5G1.3(d) applies, but the district court erred by failing to consider the factors listed in the § 5G1.3 Application Note 4(A). In other words, Wilmurth says that the district court did not adequately explain itself.

"We review criminal sentences for procedural and substantive reasonableness under an abuse-of-discretion standard." *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Wilmurth challenges his sentence as procedurally unreasonable. "When evaluating a sentence for procedural reasonableness, we focus on how the district court calculated the sentence. We ask whether the district court properly calculated the Guidelines range, remembered to treat that range as advisory, considered the sentencing factors in 18 U.S.C. § 3553(a) while refraining from considering impermissible factors, selected the sentence

based upon facts not clearly erroneous, and adequately explained why it chose the sentence." *United States v. Potts*, 947 F.3d 357, 364 (6th Cir. 2020).

Because Wilmurth failed to raise his procedural objection below, we review it for plain error. *Sears*, 32 F.4th at 573. "To satisfy plain error review, [Wilmurth] must show '(1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings.' Such an error is found 'only in exceptional circumstances,' such as 'where the error is so plain that the trial judge was derelict in countenancing it.'" *See id.* (citations omitted).

Wilmurth's first contention—that the district court plainly erred because § 5G1.3(b) applies—is manifestly wrong. In attempting to demonstrate that his other term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction," he creates a baseless reading of the presentence report. That report increased his total offense level by two levels for obstruction of justice: "Mr. Wilmurth absconded from bond and removed his location monitoring equipment. He was then arrested and sentenced on a state offense, and sent to MDOC custody. He had to be returned to federal custody via a writ of habeas corpus approximately five months later. His conduct significantly impeded the court process." According to Wilmurth, because the presentence report says that his "obstructive conduct related to the defendant's offense of conviction," his state offenses must therefore be "relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)." *See* U.S.S.G. § 5G1.3(b). The report makes no such claim. Wilmurth's obstructive conduct included absconding from bond and removing his monitoring equipment. And he further impeded his federal proceedings by engaging in separate criminal behavior necessitating his state-court proceedings and transfer back to federal custody. Nowhere

5

does the report suggest that the separate criminal behavior itself was relevant conduct to his federal offense. His state conviction was for breaking and entering, which his attorney acknowledged at his bond-violation hearing. Wilmurth's misconstruing the presentence report will not turn his breaking-and-entering offense into conduct related to his federal drug and firearms charges arising from an arrest three months earlier. Nor is there any merit to Wilmurth's argument that his breaking and entering after absconding from bond was (somehow) an "attempt[] to avoid detection or responsibility for [his federal] offense." *See* Appellant Wilmurth's Br. at 16 (quoting U.S.S.G. § 1B1.3(a)(1)). The district court committed no plain error here.

Wilmurth's second argument—that the district court failed to explain its decision under § 5G1.3(d)—is equally unavailing. "Application Note 4(A) to § 5G1.3 articulates factors sentencing courts should consider before deciding whether to run state and federal sentences consecutively. They include: (1) the § 3553(a) factors; (2) the type and length of the prior undischarged sentence; (3) the time served and likely to be served on the undischarged sentence; (4) the procedural posture of the undischarged sentence (whether it was imposed in state or federal court and when it was imposed); and (5) any other relevant circumstance." *Potts*, 947 F.3d at 369 (citing U.S.S.G. § 5G1.3, cmt. n.4(A)). We have repeatedly held that "a § 5G1.3 analysis" does not "require[] a district court to engage in a separate recitation of the Guidelines provision or its underlying considerations." *United States v. Mitchell*, 107 F.4th 534, 548 (6th Cir. 2024) (quoting *Potts*, 947 F.3d at 369). "Instead, reviewing the totality of the record, we ask whether the district court, in imposing consecutive sentences, followed the rationale provided in Application Note 4(A). So long as the rationale is generally clear, either in a statement by the district court or by reference to the presentence report, the district court does not abuse its discretion (let alone commit plain error)." *Id.* (citation modified) (quoting *Potts*, 947 F.3d at 369).

Here, district court considered the § 3553(a) factors when fashioning Wilmurth's sentence. The district court also explicitly acknowledged that Wilmurth "h[ad] undischarged terms of imprisonment from the Michigan Department of Corrections." The presentence report, which the district court adopted without change, describes those sentences: two years' custody from his breaking and entering offense imposed by a Michigan state court on September 30, 2024, with the "undischarged term of imprisonment pending." "[T]hese considerations are sufficient to support the decision to impose a consecutive sentence." *See Mitchell*, 107 F.4th at 548 (citation omitted). The district court did not plainly err.

**B.**

Wilmurth also maintains that the written judgment differs from the oral sentencing. "We review an alleged discrepancy between oral and written sentences de novo." *United States v. Booker*, 994 F.3d 591, 600 (6th Cir. 2021) (citation omitted).

First, Wilmurth contends that the district court's oral and written sentences differed with regard to the special condition of his supervised release related to warrantless searches. Specifically, the oral sentence mandates that Wilmurth submit his "person, property, house, vehicle, papers, computers, and other electronic devices to a search conducted by the United States Probation Office," and the written judgment reiterates the same list but includes Wilmurth's "office." But the district court's oral pronouncement also stated that Wilmurth "must warn other occupants of the premises [where] he lives or works [that] the premises is subject to search pursuant to this condition." Further, "[t]he probation officer may conduct a search under this condition only when reasonable suspicion exists that he's violated a condition of supervision and that the areas to be searched contain evidence of the violation." Requiring that Wilmurth make his "office" subject to search is substantially identical to the oral pronouncement's saying that

probation officers may search the "premises [in which] he . . . works" for his "person, property, . . . vehicle, papers, computers, and other electronic devices" reasonably suspected to "contain evidence of [a supervised-release] violation." We can conceive of no search that would be permitted by the former condition that would not be allowed by the latter. Nor are we convinced by Wilmurth's argument that he "could work at his 'house' or other 'property.'" Appellant Wilmurth's Br. at 25. The oral sentence required that he "warn other occupants of the premises [where] he . . . works"—*all* such premises. "This court and others have found no discrepancy in written supervision conditions that use different language to impose substantially identical requirements" as corresponding oral pronouncements." *Booker*, 994 F.3d at 601. We find no discrepancy here.

Second, Wilmurth argues that the oral and written sentences differ with respect to the imposition of his federal sentence as consecutive to his other undischarged sentences. The oral pronouncement ordered that his instant sentence "will be consecutive to any undischarged terms of imprisonment that he may still have to serve within the jurisdiction of the Michigan Department of Corrections." The written judgment stated that Wilmurth's term of federal imprisonment will be "consecutive to any other undischarged terms of imprisonment." But Wilmurth concedes that "his only undischarged sentences are within the [Michigan Department of Corrections]." Appellant Wilmurth's Br. at 26. So there is no actual conflict between the two, and we fail to see how amending the judgment to repeat verbatim the oral pronouncement "would clarify the Court's ruling." *See id.* Nor does Wilmurth proffer any authority suggesting we should remand on these grounds. Wilmurth's oral and written sentences "[b]oth convey the same message." *See Booker*, 994 F.3d at 601 (quotation omitted).

**III.**

For the foregoing reasons, we affirm the judgment of the district court.